

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**FRANK T. BRZOZOWSKI**
2357 E. Dauphin Street
Philadelphia, PA 19125
Plaintiff, pro-se

**COMPLAINT FOR EMPLOYMENT
DISCRIMINATION,CIVIL RIGHTS,
TORTS, MISREPRESENTATION,
CONVERSION OF PROPERTY,
CIVIL CONSPIRACY TO FRAUD,
DECLARATORY AND
INJUNCTIVE RELIEF, ETC.**

**V.**

**15      2339**

**PENNSYLVANIA TURNPIKE COMMISSION**
700 S. Eisenhower Blvd.
Middletown, PA 17057,
      and
**THOMAS W. CORBETT**, in his official
capacity as Governor of Pennsylvania, and his
successors in office; **PENNSYLVANIA TURNPIKE
COMMISSIONERS**, individually and as agents and
employers of the PTC: **WILLIAM K. LIEBERMAN**,
Chairman; **A. MICHAEL PRATT**, Esquire, Vice Chairman;
**PASQUALE T. DEON, Sr.**, Secretary Treasurer;
**SEAN LOGAN**, Commissioner; **BARRY J. SCHOCH**,
P. E., Secretary of Transportation; **PATRICIA
SCHLEGEL**, individually and as agent and employee;
**JUDY TREASTER**, individually and as agent and
employee; **DOROTHY ROSS**, individually and
as agent and employee; **PATRICK CARO**, individually
and as agent and employee; **JILL DAVIS**, individually
and as agent and employee; **DAVID SMITH**, individually
and as agent and employee; **LYNN FEEMAN**, individually
and as agent and employee; and **"TROOP T" OF THE
PENNSYLANIA STATE POLICE** and **CPL. SHAWN
KERNAGHAN,** Bowmansville PSP Office, (Lancaster
County) individually and as agent and employee.
Defendants.

**CIVIL ACTION NO._____**

**TRIAL BY JURY IS  DEMANDED**

**THIS ACTION IS BOUGHT FOR VARIOUS CAUSES OF ACTION INCLUDING DISCRIMINATION IN EMPLOYMENT AND ACTS OF CONTINUING VIOLATIONS PURSUANT TO BUT NOT LIMITED TO:**

A.      Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, national origin).  *In compliance within federal district court under Title VII, attached is a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission dated Friday, January 23, 2015.*

B.      Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621-634 and it has subject matter jurisdiction under 28 U.S.C. § 1331, 1337. Venue is proper under 28 U.S.C. § 1391(b) (2).

C.      Pennsylvania Human Relations Act, as codified, 43 Pa. Cons. Stat. §§ 951-963 for discrimination due to race, color, family status, religious creed, ancestry, age ,sex, and national origin.

D.      Bill of Rights defined in the U. S. Constitution, including but not limited to "due process" of the 14th Amendment.

E.      Contravention of federal and state laws including 28 U.S.C. § 1291, 1343; 42 U.S.C. §§ 1981, 1983, 1981, 1985, 1986, and 2000d claim; the Whistle Blower statute 42 U.S.C. § 14141, and invoking Fed. R. Civ. P. § 6(e) and Fed. R. Civ. P. § 24(a).

## I. PARTIES IN THIS COMPLAINT

**A.      PLAINTIFF.**

1) FRANK T. BRZOZOWSKI, pro-se, Plaintiff in the above-captioned case, is a resident of Philadelphia, in the Eastern District of Pennsylvania ibid.

**B.      DEFENDANTS.**

1) PENNSYLVANIA TURNPIKE COMMISSION (PTC) etal, Defendant PTC in the above-captioned matter, an instrumentality of the Commonwealth of Pennsylvania, has business offices and owns many parcels of real property in the Eastern District of Pennsylvania.

2) Defendant, THOMAS W. CORBETT, individually in his official capacity as Governor of Pennsylvania, and his successors in office, a/k/a respondeat superior, appoint and control Defendant Commissioners in the above-captioned matter with a principle place of business formerly at 200 Main Capitol Building; the new address is:

**Governor's Office**
**Main Capitol Building, E fl**
**Harrisburg, PA 17120**

3)  Defendants, the <u>PENNSYLVANIA TURNPIKE COMMISSIONERS</u>, are sued individually and as agents and employers of the Pennsylvania Turnpike Commission (PTC) at the times of the causes of action; their labor and employment counsel accepting legal documents is:

**Michael J. McGovern, PA ID #52802**
**Pennsylvania Turnpike Commission**
**P.O. Box 67676**
**Harrisburg, PA 17106-7676**
**717-831-7381**
**mmcgover@paturnpike.com:**

4)  Defendant <u>WILLIAM K. LIEBERMAN</u>, Chairman, individually and as agent and employer;

5)  Defendant <u>A. MICHAEL PRATT</u>, Esquire, Vice Chairman, individually and as agent and employer;

6)  Defendant <u>PASQUALE T. DEON, Sr.</u>, Secretary Treasurer, individually and as agent and employer;

7)  Defendant <u>SEAN LOGAN</u>, Commissioner, individually and as agent and employer;

8)  Defendant <u>BARRY J. SCHOCH</u>, P. E., individually in his official capacity as the Secretary of Transportation, and his successors in office, individually and as agent and employer;

9)  Defendant <u>PATRICIA SCHLEGEL</u>, individually and as agent and employee;

10)  Defendant <u>JUDY TREASTER</u>, individually and as agent and employee;

11)  Defendant <u>DOROTHY ROSS</u>, individually and as agent and employee;

12)  Defendant <u>PATRICK CARO</u>, individually and as agent and employee;

12)  Defendant <u>JILL DAVIS</u>, individually and as agent and employee;

13)  Defendant <u>DAVID SMITH</u>, individually and as agent and employee;

14)  Defendant <u>LYNN FEEMAN</u>, individually and as agent and employee;

15)  Defendant <u>PENNSYLANIA STATE POLICE (PSP) "TROOP T"</u> has the Highspire Office in the bottom floor of the PTC Central Administration Building, 700 Eisenhower Boulevard, Middletown, PA 17057;  A commanding officer of PSP Highspire

Office supervises the state troopers and motor vehicle fleet at nine (9) Pennsylvania State Barracks throughout the 552 miles of turnpike highway between Ohio and New Jersey with three 3rd District facilities: Pocono Office in Carbon County, King of Prussia Office in Montgomery County and Bowmansville Office in Lancaster County in the Eastern District of Pennsylvania.

16) Defendant PSP CPL. SHAWN P. KERNAGHAN, individually and as agent and employee, who was paid from the fares collected by the Pennsylvania Turnpike Commission, for being employed as a state trooper at the times of the causes of action is to be served documents at (Lancaster County):

> **CPL. SHAWN P. KERNAGHAN**
> **Bowmansville PSP Barracks**
> **443 Panorama Drive,**
> **Denver, PA 17517**
> **717-445-6715**

Defendant PASQUALE T. DEON, Sr., Secretary Treasurer, who authorizes payment of wages to the above-said PTC defendants, resides in Bucks County, Eastern District of Pennsylvania. Mr. Deon supervised the construction of the new I-95 interchange with the turnpike in Bristol and he is the Chief of SEPTA, a member of the Pennsylvania Unified Certification Program (PaUCP), who certifies contractors of the Disadvantaged Business Enterprises (DBE's) is to be served the documents at his residence in Bucks County at:

> **PASQUALE T. DEON, Sr.,**
> **526 S. Oxford Road**
> **Fairless Hills, PA 19030**

## C.    ADDRESSES OF EMPLOYMENT

The addresses where I was employed by Defendant PTC and performed duties are:  Central Administration Building and TIP Building (Dauphin County), Eastern Regional Office (Montgomery County), Downingtown Interchange (Chester County), Morgantown Interchange (Chester County), Philadelphia-Bensalem Interchange (Bucks County), Delaware River Bridge Interchange (Bucks County), Delaware Valley Interchange (Bucks County), Willow Grove Interchange (Montgomery County), Fort Washington Interchange (Montgomery County), Valley Forge Interchange (Montgomery County), Norristown Interchange (Montgomery County) and Mid-County Interchange (Montgomery County).  Around 2012 the PTC employed approximately 2,137 employees.  At all relevant times mentioned herein, Defendant, Pennsylvania Turnpike Commission has continuously been an employer engaged in an industry affecting commerce doing business across the Commonwealth of Pennsylvania and has continuously had more than 15 employees for the purposes of  §701(b), (g) and (h) of Title VII of the Civil Rights Act 42 U.S.C. §§ 2000e(b), (g) and (h).

## II. STATEMENT OF THE CLAIM

A.      The discriminatory conduct of which I complain in this action:
1)      Termination of my employment;
2)      Failure to promote me;
3)      Failure to stop hostile workplace, spying and harassment;
4)      Unequal terms and conditions of my employment;
5)      Retaliation; and
6)      Other including political affiliation, labor and union activities. Union dues and PAC money was deducted from pay from 2003 to 2013.

B.      It is my best recollection that the alleged discriminatory acts occurred or were on going since 2003 until 2015.

C.      I believe that the defendant(s) are still committing these acts against me.

D.      Defendant(s) discriminated against me based on my race, color, gender/sex, national origin and age and my affiliations with persons of the aforesaid protected groups. *See Maynard v. City of San Jose*, 37 F.3d 396, 1402 (9th Cir.1994), *Estate of Amos v. City of Page*, 257 F.3d 1086, 1093-94 (9th Cir.2001). My date of birth is October 19,1955.

E.      The facts of my case are as follow:

Background

        This is a request to allow this pro-se complaint and for assistance in finding an attorney or to have counsel appointed to file a lawsuit against the Pennsylvania Turnpike Commission (PTC); the law offices or lawyers who were unable to take this case are: George Szymanski, Kathryn Boockvar, Bob Rovner, Breandan Nemec, Faye Cohen, Mrs. Sidney Gold, Fishtown Lawyers, Isaac Slepner, Ray Arreola, Kevin Lovitz , Pete Dankowicz, Jacqueline M.Verney and Emily Ramirez-Soto for  referrals.

        Plaintiff has a B.S. degree, earned a paralegal certification, and obtained courses for real estate salesman.  Mr. Brzozowski worked for many professional businesses and law firms between 1984 to 1997.  Plaintiff was hired by the PTC on May 5, 2003 as a supplemental toll collector in District 4 (interchanges in Montgomery and Bucks County) and became a member of Teamsters Local 77 Fort Washington office.  In August and September 2003 Plaintiff won a bid as a Data Systems Specialists at Network Control (IT Department) at the PTC Central Administration Building (Dauphin County). In 2003, about a week before becoming a full-time permanent employee with increase pay and improved benefits; a cylinder in his Ford Bronco II engine went bad.  Plaintiff decided to return to District 4 as a toll collector since he needed to obtain a good car and it was rough traveling about 200 miles daily.  About 2007 Plaintiff became a full time employee and transferred to District 3 for night shift at Morgantown Interchange (Chester County). About a year later Mr. Brzozowski transferred to Downingtown Interchange and was

elected a Teamster Shop Steward for 3 terms.  On one occasion in representing an employee who was being terminated, Plaintiff, as the local 77 Downingtown Interchange steward, had a legal rebuttal to policy enforcement by Defendant Pat Caro who conducted the hearing and Mr. Caro (Human Resources Department) did not like the defense and objections being stated.  Concurrently, the vast majority of the time as a fare collector Plaintiff was on 1-shift that ended about 6 or 7 am.  On many dates Plaintiff would work continuously for 16 hours, occasionally 24 hours straight, and on several occasions for 4 shifts of 32 hours consecutively.  Most toll collectors work every holiday and some get only one weekend off a month, others with lower seniority work virtually every weekend.  Union workers have low morale.

The PTC has strict policies in enforcing shortages of fare collectors; 3 shortages in a month constituted a warning letter and within 6 months another warning letter would warrant a 2-day suspension creating a stressful hostile work environment. The turnpike has sophisticated computers calculating the fares collected; but employees are prohibited from being informed of the amounts that they would collect at the end of their shifts, and not knowing if they had made any mistake, the day that the mistake occurred, is disparate treatment; the only time that a collector realizes a mistake occurred in when a restitution letter arrives about 3 weeks after the date of the shift with the PTC demanding a restitution payment by check. This unfair labor practice of entrapping employees making honest mistakes with harsh punishment is contrary to other Pennsylvania agencies and businesses who inform employees at the end of their shifts if there is a discrepancy in their collections.

While at the Downingtown Interchange, Plaintiff had to report fare evasions. At least once Defendant Trooper Shawn  Kernaughan  of the Bowmansville PSP Office made the report personally.  Occasionally Defendant Cpl.  Kernaghan would be seen in the Downingtown Interchange office conversing with other PTC employees

Pennsylvania Turnpike Commission states "VASCAR is not used on the Turnpike."  Defendants Troop T of the PSP and Trooper Kernaghan employ VASCAR as means of proving speeding to local magistrates.  Once he pulled over two cars, with the Plaintiff being the second car  that trailed the first car by miles.

Defendant Kernaghan lied to Judge Tobin by stating that he got a "good VASCAR reading" with other misrepresentations to illegally obtain a wrongful conviction of the defendant.  Mr. Brzozowski is the victim of an unlawful arrest, unconstitutional unjust and excessive fines, violation of Constitutional rights to a fair trial and due process to be heard at a de nova trial and the violation of his civil rights.

Plaintiff submitted employment applications and resumes for many management positions, including the Legal Department.  Once, Mr. Brzozowski was called into the interchange manager's office regarding his application for a legal position with a response from Human Resources, Defendant Mrs. Judy Treaster.  Mr. Gillen stated that unless Plaintiff sign a secondary employment document declaring the income procured as a notary public, that he would be taken off the payroll.  Instead of a job interview for

the position, Plaintiff was subjected to a disciplinary union grievance hearing and compelled to sign the oppressive secondary employment policy form to continue being employed.  Soon afterwards Plaintiff was promoted to the Office of Diversity and Inclusion (ODI) as an executive assistant.  Defendant Commissioner's promotion date was April 17, 2012.  In contrast, as a Teamster fare collector Plaintiff 's State income wages were: in 2010 $55,276.50 and in 2011 $62,741.50; but as a promotion to management in 2012 - $51,445.40 and in 2013 - $51,026.75.  Plaintiff also paid union dues: 2013 - $104.00, 2012 - $384.00, 2011- $64.00, but not any union dues for the years as a shop steward.

Before being hired as an executive assistant Defendant Ms. Dorothy Ross conducted a five (5) minute MS Word typing test that Plaintiff passed.  In this test Plaintiff observed that Defendant Ross had subtracted 1 minute for each keystroke error.  This calculation of subtracting one minute for each keystroke occurred in the previous typing tests that **excluded** Plaintiff from being qualified for the other departments.  When Plaintiff had his typing courses, he was penalized one minute for every error in a one (1) minute typing test.  Defendant Ross's one error/minute deduction was wrongful and unjust for five (5) minute tests.  Shortly after being promoted, Defendant Ross attacked Plaintiff on June 26, 2012 at a MS Word course at the ERO office (Montgomery County) by misrepresenting that Plaintiff made insulting and disparaging remarks, including a condescending comment to Eric Paul a black interchange manager.  [At the time Plaintiff did not know that Defendant Ross made a complaint to Human Resources that had a black co-worker Brian Slade fired (PTC Docket No. 201002429, either EEOC No. 17F201060618 or EEOC No. 17F200160618).] Defendants Ross, Treaster, Schlegel and Caro of the Human Resources Department are accused of retaliation and discrimination against Plaintiff and his non-white co-workers at the Office of Diversity and Inclusion who assist all personnel with civil rights complaints and minority business enterprising contracts.  Besides counts of discrimination, retaliation, and civil rights violations, this complaint will establish (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. **See United Bhd. of Carpenters and Joiners v. Scott**, 463 U.S. 825, 828-29, 103 S. Ct. 3352, 3356, 77 L. Ed. 2d 1049 (1983).  *See Maynard v. City of San Jose*,  37  F.3d 1396 at 1403 (holding that white plaintiff had standing where he suffered from illegal retaliation because he assisted a black person).

The Governor is respondeat superior of the agencies and employees of the Commonwealth .  Defendant Governor appoints the head of the State Police and the vacancies on the Turnpike Commission and other duties that he has to perform.  Defendant PTC Commissioners hired Plaintiff on May 5, 2003 and promoted him on April, 17, 2012, and at their December 16, 2013 consented to his unjust firing, without proper due process on December 26, 2013.  In EEOC v Bare\Feet Shoes of PA, Inc., 2006 WL 328355, "An employer may be held vicariously liable for a hostile work environment created by a supervisor who has authority over victim employee.

Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 765, 118 S. Ct. 2257, 141 L.Ed.2d 633 (1998); Faragher  v. City of Boca Raton, 524 U.S. 775, 807, 118 S.Ct. 2275, 141 L.Ed2d662 (1998).  Employers are liable for employment actions such as discharge, demotion, or undesirable reassignment."

Commissioner Deon is concurrently the Chairman of SEPTA.  Mr. Deon was extremely instrumental in obtaining federal funds for the interchange with I-95 in Bucks County in the Eastern District.  Since the turnpike is receiving federal money, 10% of the contracts must be allocated to Disadvantaged Business Enterprises (DBE's).  When Plaintiff Brzozowski was calculating Bid Recommendations on and before December 11, 2013, rarely did the prime contractor who got the bid met the 10%, even though the second or third ranked prime contractor did meet the 10% criteria.  Plaintiff complained that prime contractors who really did not make a bona fide effort had an unfair competition advantage over the prime contractors who diligently tried to attain the 10% goals for DBE's.  PTC supervisors in the engineering and some attorneys did not want Plaintiff to object to the prime contractors who got the bids but not the 10% goals. Every bid that was contracted to the prime contractors were approved by the Defendant Commissioners who agreed to fire Plaintiff about December 16, 2013.

In the April 8, 2015 letter to the EEOC plaintiff explained  discriminations in preventing and blacklisting him from the legal department and IT department. Although the PA. Turnpike Commission advertises "The Pennsylvania Turnpike is an Equal Opportunity Employer"  and "An Equal Opportunity Employer " in its employment literature, Mr. Busund states:

"You were hired in 5/03 as a Supplemental Toll Collector, and in 2012 applied for, and were promoted to, Executive Assistant. Regarding the positions of Legal Assistant and Legal Secretary which you could not apply for, the record indicates that both positions were classified as "confidential," and so were not posted internally in accordance with policy."

How can an employer (PTC) be "an Equal Opportunity Employer" and hide positions from the PTC workforce, when in reality many jobs are granted for favoritism and nepotism, and not posted internally but classified as "confidential?" Prior to May 2003,  Frank Brzozowski was a certified paralegal with typing and work experience, but as a supplemental toll collector complainant was paid $15.56/hr. and shortly as a data systems specialists in the PTC Information Technology Department Network Control area. Incidentally, the PTC subcontracts paralegal work for $75.00/hr. instead of hiring internally to fill their paralegal position.  Plaintiff also contends that this discrimination was based on his national heritage, sex, age and was retaliation by members of the Human Resources Department for ODI investigation of Defendants Mrs. Schlegel and Mrs. Treaster.

The tests with Defendant Ms. Ross were finished in about an hour around 10:00 am, then Mr. Brzozowski was interviewed before a panel of three supervisors for the HR position for about another hour to about 11:00 am, contradicting Mr. Caro statements against Plaintiff.  Defendant Ms. Ross lied about Brzozowski's violation of workplace violence to cover-up her corrupt testing.  During the afternoon meeting with Director

Myneca Ojo, Defendant Ms. Ross demonstrated hostile and violent actions with the Excel book and she verbally threatened both of us in Italian. Plaintiff also contends that Defendants Smith, Feeman and Caro wanted to obtain reasons to have him fired by making unjust reports to H. R. and violated his civil rights to work.

Plaintiff. Brzozowski practiced on his computer after hours to become more efficient for the PTC.  Mr. Brzozowski denies lodging at the Central Office, although at other locations such as Downingtown Interchange he has worked as long as 32 hours consecutively. The issue of Mr. Brzozowski's willful misconduct, workplace violence and other policy violations were adjudicated before the PA. UCBR appeal number 14-09-C-1303.

Referee James M. Hillegass states: "3. Claimant did not violate the workplace policy..." "5. Claimant did not knowingly violate any the employer's policies. "...When an individual is discharged from employment for the violation of an employer rule, the burden is upon the employer to prove the existence of the rule and that it(rights to a fair EEOC decision.

When Plaintiff lost benefits, and denied UC in December; COBRA not attained. Although Plaintiff  won UCBR benefits back in March 2014 the money ended  in June. Plaintiff had no medical insurance, dental or vision insurance that adversely affected the quality of life, causing more than 6 months of suffering and speech impediments. Plaintiff's  firing caused pain and suffering and psychological distress.  Without the medical and dental insurance Plaintiff suffered.  Plaintiff needed to go to Moss Rehabitative Center for pneumonia in December 2013; on January 17, 2014, Plaintiff fell , got a broken nose, bad laceration that was profusely bleeding, and broke his eyeglasses.  In June he got sore gum infection as the UCBR benefits ended.  On July 9, 2014, Plaintiff got a broken jaw, and lost a molar; in September he lost another molar, because no prescriptions were issued, it took 6 months for his jaw to heal.

Retaliations occur at the PTC when someone complains about wrongful actions or questionable treatment, and the secret myriad of discriminatory practices of managers or their kin target victims with selective or oppressive policy enforcement. HR Director Patricia Schlegel's Executive Assistant Jill E. Davis wanted to destroy Mr. Brzozowski's law books and personal items after termination, adding another hostile workplace incident. Defendant Davis under the supervision of Defendant Mrs. Schlegel retaliated by threatening to destroy Plaintiff's personal property about February 26, 2014.

Plaintiff did not get a warning letter and was deprived of due process.  Frank Brzozowski did not get the fair progressive discipline stages and an official hearing as many employees including union personnel, who are accused of misconduct and violations of policies.  Teamsters Local s 77, 250 and 30 have histories of wrongful firings and discrimination by the PTC.  Mr. Brzozowski is the victim of unfair and disparate treatment for working at the Office of Diversity & Inclusion and consequently

had been blacklisted from the Legal Department and Information Technology Department.

Frank Brzozowski as a victim of civil rights violations needs a lawyer, without one, complainant will be compelled to file the action pro-se. Plaintiff needs to be able to amend this complaint with more detailed causes of actions against the above-said defendants.

## III. Exhaustion of Administrative Remedies:

A.      It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on: <u>March 21, 2014 and June 12, 2014.</u>

B.      The Equal Employment Opportunity Commission issued a Notice of Right to Sue Letter, which I received on <u>Monday, January 26, 2015</u> within 90 days of his receipt of the letter. See Franks v. Bowman Transportation Co., supra, 495 F.2d at 404. Fed.Rule Civ.Proc. 6(e).

*Attach to this complaint a copy of the Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

C.      *Only plaintiffs alleging age discrimination must answer this question.*
Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's discriminatory conduct
<u>60 days or more have passed</u>.

D.      It is my best recollection that I filed a charge with the Pennsylvania Human Relations Commission or the Philadelphia Commission on Human Relations regarding the defendant's alleged discriminatory conduct; <u>on March 21, 2014 and June 12, 2014 complaint forms were submitted to the EEOC, who were to file with the PHRC, but it appears that it was not processed until June 25, 2014.</u>

E.      Since filing my charge of discrimination with the Pennsylvania Human Relations Commission or the Philadelphia Commission on Human Relations regarding the defendant's Pennsylvania Turnpike Commission discriminatory conduct occurred it appears that: <u>One year or more has passed</u>.

## IV. Relief

**WHEREFORE**, Plaintiff prays that the Court grant such declaratory and injunctive relief as may be appropriate, including restraining orders, injunctions, damages, and costs as well as:

**Direct** the defendant to option re-employing the plaintiff.
**Direct** the defendant to make Plaintiff whole in every way.

**Direct** the defendant to promote the plaintiff.
**Direct** the defendant to expunge unproven defamatory, scandalous
and tortuous documents from his employment and court record.
**Direct** the defendant to prohibit job stereotyping.
**Direct** the defendant to rescind oppressive, unfair and unjust policies.
**Direct** the defendant to cease and desist having hostile workplace
environments by enjoining co-workers and agents from spying
on employees of a protective class that induce disciplinary
actions.
**Direct** the defendant to prohibit secret hiring.
**Direct** the defendant to train employees equally for better paying
positions and that allows them to qualify into different
departments.
**Direct** the defendant to implement upgraded equipment for efficiency
and accuracy beneficial for all employees.
**Direct** the defendant to have compatible systems with other state
agencies.
**Direct** the defendant to allow employment contracts with at-will
employees.
**Direct** the defendant to, if available, grant the plaintiff appropriate
injunctive relief, lost wages, liquidated/double damages, front
pay, compensatory damages, punitive damages, prejudgment
interest, post-judgment interest, and costs, including
reasonable attorney fees and expert witness fees.


**I declare under penalty of perjury that the foregoing is true and correct.
Signed this Monday, the 27th day of April, 2015.**


FRANK T. BRZOZOWSKI, pro-se
2357 E. Dauphin Street
Philadelphia, PA 19125
Plaintiff
cell: 215-906-3773, no fax line

EEOC Form 161 (11/09)

U. S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: Frank T. Brzozowski<br>2357 E. Dauphin Street<br>Philadelphia, PA 19125 | From: Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |
|---|---|

| ☐ | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2014-01936 | Legal Unit | (215) 440-2828 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

## - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Spencer H. Lewis, Jr.,
District Director

1/23/15
(Date Mailed)

Enclosures(s)

cc:    Michael J. McGovern, Esq.
Labor & Employment Counsel
PENNSYLVANIA TURNPIKE COMMISSION
P.O. Box 67676
Office of Chief Counsel
Harrisburg, PA 17106



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Philadelphia District Office**

801 Market Street, Suite 1300
Philadelphia, PA 19107-3127
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Philadelphia Status Line: (866) 408-8075
Philadelphia Direct Dial: (215) 440-2602
TTY (215) 440-2610
FAX (215) 440-2632, 2848 & 2604

January 23, 2015

Our Reference:        Charge Number 530-2014-01936  re: PA Turnpike

Mr. Frank T. Brzozowski
2357 E. Dauphin Street
Philadelphia, PA  19125

Dear Mr. Brzozowski:

The evidence of record, which includes the evidence and information submitted by you and by Respondent (PA Turnpike) concerning the above-referenced charge, has been reviewed by the Commission. The following is a summary:

You were hired in 5/03 as a Supplemental Toll Collector, and in 2012 applied for, and were promoted to, Executive Assistant. Regarding the positions of Legal Assistant and Legal Secretary which you could not apply for, the record indicates that both positions were classified as "confidential," and so were not posted internally in accordance with policy.

The evidence indicates that on 12-12-13, your employment was terminated for violations of policy, following an internal investigation. On 12-11-13, the Training and Development Specialist was administering exercises for your interview for a position. She informed you that you were not to use the Excel Manual as a cross reference, at which time she observed that you whipped the manual across the table and gave her what she considered to be a terrible glare, to the point she was very frightened. This was reported this to Respondent, and an investigation was conducted. The investigation also revealed that you had violated the Electronic Communications Policy regarding computer usage. Accordingly, your employment was terminated for policy violations.

Discrimination occurs when an employer treats some individuals less favorably than other similarly situated individuals *because of* their race, color, religion, sex, national origin, age, or disability. To prove disparate treatment, the Charging Party must establish that Respondent's actions were based on a discriminatory motive. There is no evidence of any similarly situated employee, not a member of your protected bases, who committed same/similar acts but was not terminated.

While we understand that the parties to a charge have very firm views that the available evidence supports their respective positions, our final determinations must comport with our interpretations of the available evidence and the laws we enforce.

For these reasons, this matter will be concluded, and a Dismissal and Notice of Rights be issued to you, which will allow you to exercise your right to file a private suit in Federal District Court within ninety (90) days of your receipt of the Dismissal. Should you wish to obtain a copy of the administrative file for this charge, please write to the following address to make such a request. You must do so within the above-referenced 90-day period, which can be extended if you do file a lawsuit in court concerning this matter. Please be advised that there may be a fee if you make such a request for file disclosure. Furthermore, please note that failure to receive requested documents in a timely manner does not extend the time period for filing a lawsuit. The address is: Equal Employment Opportunity Commission, File Disclosure Unit, 801 Market Street, Suite 1300, Philadelphia, PA 19107.

Sincerely,

William N. Busund
Investigator

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 530-2014-01936 |

| **Pennsylvania Human Relations Commission** | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (indicate Mr., Ms., Mrs.)<br>**Frank T. Brzozowski** | Home Phone (Incl. Area Code)<br>**(215) 425-7672** | Date of Birth<br>**10-19-1955** |
|---|---|---|

| Street Address | City, State and ZIP Code |
|---|---|
| **2357 E. Dauphin Street, Philadelphia, PA 19125** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name<br>**PENNSYLVANIA TURNPIKE COMMISSION** | No. Employees, Members<br>**Unknown** | Phone No. (Include Area Code)<br>**(717) 939-9551** |
|---|---|---|

| Street Address | City, State and ZIP Code |
|---|---|
| **700 S. Eisenhower Bouvelard,  Middletown, PA 17057** | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☒ NATIONAL ORIGIN
☒ RETALIATION  ☒ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **09-20-2013**    Latest **12-12-2013**

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. On May 5, 2003, Respondent hired me as a Toll Collector. On April 17, 2012, Respondent promoted me into the position of Executive Assistant. I was discharged on December 12, 2013.

II. On or about October 2013, I discovered that Alice Sebring (Female, Legal Assistant) and Anna Marcella (Female, Legal Secretary) were hired for their respective positions. I was never given the chance to apply to either position because they were not posted. Ms. Sebring and Ms. Marcella were both hired as external candidates. I also applied for Executive Assistant Information Technology on September 26, 2013, and was not selected for that position either. On December 12, 2013, I was suspended and later discharged after I was falsely accused of workplace violence by Dorothy Ross (Human Resources Specialist, Female). Ms. Ross also stated that I threw the manual across the table when I was told I could not use it.

III. I believe Respondent discriminated against me based on my age (58) and retaliation in violation of Age Discrimination in Employment Act, sex (male), national origin (Polish) and in retaliation in violation of Title VII of the Civil Rights Act of 1964 as amended, Title VII.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Jun 25, 2014**<br>Date    *Frank M Brzozowski*    Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |



**COMMONWEALTH OF PENNSYLVANIA**
**Human Relations Commission**
**333 Market Street, 8th Floor**
**Harrisburg, PA 17101-2210**
**(717) 787-4410 voice**
**(717) 787-7279 TTY**
**www.phrc.state.pa.us**

Frank T. Brzozowski                                                         January 15, 2015
2357 E. Dauphin Street
Philadelphia PA 19125

RE:     Frank T. Brzozowski v PENNSYLVANIA TURNPIKE COMMISSION
        Case No. 201403034     EEOC No. 530-2014-01936

Dear Frank T. Brzozowski:

When a charge is filed with the **Equal Employment Opportunity Commission** (EEOC), federal law requires
EEOC to send a copy of the charge, if co-jurisdictional, to the **Pennsylvania Human Relations Commission**
(PHRC). This happens because EEOC must afford certain state or local agencies, such as the **PHRC** the
opportunity to investigate the complaint for 60 days. PHRC has the discretion to waive the opportunity to
investigate the charge. In accordance with the Work Sharing Agreement between EEOC and the PHRC, PHRC
waived the opportunity to investigate the complaint back to EEOC. This means that EEOC will not have to
wait 60 days to take action on the charge.

This is to notify you that the above referenced EEOC charge also has been filed with PHRC. PHRC considers
the complaint filed with PHRC on the date the complaint is received by EEOC. PHRC's action in this regard
is taken because PHRC, pursuant to Section 7 (c) of the Pennsylvania Human Relations Act, has designated
EEOC in the Work Sharing Agreement as its agent for receipt of complaints initially filed with EEOC that are
dual filed with PHRC.

Be advised that PHRC will take no further action on the filing at this time and no action is required on your
part at this time. However, PHRC reserves the right to docket, serve and require an answer at some future date.
Should PHRC elect to docket the EEOC charge as a PHRC complaint, PHRC will serve the complaint and an
answer will be required.

**Subsection 41.82 of PHRC's Rules of Administrative Practice requires employers to maintain certain**
**records until the final disposition of the complaint.**

After one year, if the case is still pending, the complainant will be notified of his/her right to file in the
appropriate court of common pleas. If, at that time, the complainant does not confirm in writing that he/she
wants PHRC to remain involved, then PHRC will take no further action on this filing.

**IT IS YOUR RESPONSIBILITY** to promptly notify PHRC of any change of address and phone number. If
you are represented by an attorney, your attorney must file a written notice of appearance. If you change
attorneys, or are no longer represented by an attorney, you must notify PHRC in writing of the change.

Sincerely,

James Kayer
Director of Compliance

**FRANK T. BRZOZOWSKI, pro-se**
2357 E. Dauphin Street
Philadelphia, PA 19125
215-425-7672
215-906-3773 cell
fbrzozow@gmail.com.com

Impending Claim against Governmental Entity

---

**FRANK T. BRZOZOWSKI**                          :
2357 E. Dauphin Street                          :
Philadelphia, PA 19125                          :
plaintiff                                       :
                                                :
        VS                                      :        SS
                                                :
**COMMONWEALTH OF PENNSYLVANIA**                 :
        and                                     :
**PENNSYLVANIA TURNPIKE COMMISSION**             :
Central Administration Office                   :
700 S. Eisenhower Blvd.                          :
Middletown PA 17057                             :
et al                                           :

RECEIVED 2015
PHILADELPHIA, D.O.
2015 JUN 17 P
U.

## NOTICE PURSUANT TO 42 PA.C.S.A. § 5522 OF IMPENDING CLAIM AGAINST THE COMMONWEALTH OF PENNSYLVANIA AND PENNSYLVANIA TURNPIKE COMMISSION

Plaintiff Frank T. Brzozowski, pro-se, hereby gives notice for impending claims against the Commonwealth of Pennsylvania and the Pennsylvania Turnpike Commission for causes of actions including but not limited to violation of civil rights, unconstitutional wrongful discharge, discrimination, civil conspiracy to defraud employment, illegally denying promotion, illegal reduction in annual salary, tortuous interference with obtaining credentials and training, negligent conduct of employees, ineffective biased investigation, filing false statement, filing misrepresentations in documents, libel, slander, defamation of character by unprofessional acts and willful misconduct and creating a hostile workplace environment.

(1)    Plaintiff, Frank T. Brzozowski in the aforesaid caption, suffers damages by the responsible defendants, invoking respondeat superior, include but are not limited to Governor Thomas Corbett, Secretary of Transportation, and Commissioners and Chiefs of the Pennsylvania Turnpike Commission, Patricia Schlegal, Judy Treaster, Dorothy Ross, David Gentile and any employees, subordinates and agents thereof that may have committed causes of actions that are discovered later.

FRANK T. BRZOZOWSKI                    -2-            Impending Claim against the PTC

(2)    The name and the residence of the person injured:
       FRANK T. BRZOZOWSKI
       2357 E. Dauphin Street
       Philadelphia, PA 19125

(3)    The date and hour of the events:

       a)  Ms. Dorothy Ross of Human Resources commenced testing Plaintiff about 9:00 am on
December 11, 2013;

           MS Word for 10 minutes,

           MS Excel for 20 minutes and

           MS Excel for 20 minutes.

       b)  Mrs. Patricia Schlegel and Ms. Judy Treaster of Human Resources suspended Plaintiff
without pay on December 12, 2013 after a hearing in the legal department conference room.

       c)  Mrs. Patricia Schlegel escorted plaintiff to his car and was met with Chief David Gentile.

       d)  Mrs. Patricia Schlegel took Plaintiff's PA Turnpike Identification card, his PTC EZ-pass
transponder and carted some of his belongings to his car on December 12, 2013.

       e)  Mrs. Patricia Schlegel, Director of Human Resources sent Plaintiff a letter terminating his
employment dated December 26, 2013.

       f)  The Pennsylvania Turnpike Commission terminated Plaintiff's medical benefits on
December 31, 2013.

       g)  The Pennsylvania Turnpike Commission denied Plaintiff's unemployment compensation
claim on January 2, 2014.

       h)  The Pennsylvania Turnpike Commission illegally and unconstitutionally liquidated
Plaintiff's vacation and sick time, unlawfully depreciated his seniority and annual net worth, and
wrongfully aborted his pension payments, and also denied a severance package offered to other
employees.

4)     The location of the occurrences:

       Pennsylvania Turnpike Commission

       Central Administration Office

       700 S. Eisenhower Blvd.

       Middletown, PA 17057.

                                     Respectfully submitted,

                                     Frank T Brzozowski

                                     Frank T. Brzozowski, pro-se        6/11/14

FRANK T. BRZOZOWSKI, pro-se
2357 E. Dauphin Street
Philadelphia, PA 19125
215-425-7672
215-906-3773 cell
fbrzozow@gmail.com.com                    Impending Claim against Governmental Entity

---

FRANK T. BRZOZOWSKI                       :
                                          :
        V                                 :        SS
                                          :
COMMONWEALTH OF PENNSYLVANIA              :
        and                               :
PENNSYLVANIA TURNPIKE COMMISSION         :

## CERTIFICATE OF SERVICE

  This is to certify that the attached NOTICE PURSUANT TO 42 PA.C.S.A. § 5522 was
served on June 11, 2014  by facsimile to:

Pennsylvania Turnpike Commission          Pennsylvania Office of Attorney General
Central Administration Office             Attorney General Kathleen G. Kane
700 S. Eisenhower Blvd.                   16th Floor, Strawberry Square
Middletown, PA 17057                      Harrisburg,  PA 17120
By  facsimile 717-920-7334 ODI & legal    By  facsimile 717-787-8242
By  facsimile 717-986-8760 H.R

This is to certify that the attached NOTICE PURSUANT TO 42 PA.C.S.A. § 5522 was served on
June 12, 2014  by first class mail to:

Chief Counsel Doreen McCall
Pennsylvania Turnpike Commission          Pennsylvania Office of Attorney General
Central Administration Office             Attorney General Kathleen G. Kane
700 S. Eisenhower Blvd.                   16th Floor, Strawberry Square
Middletown, PA 17057                      Harrisburg, PA 17120

The Honorable Tom Corbett                 Secretary of Transportation
Governor                                  Honorable Barry J. Schoch
200 Main Capital Building                 400 North Street
Harrisburg, PA 17120                      Harrisburg, PA 17120

Frank T. Brzozowski, pro-se

# Chief Counsel



**FRANK T. BRZOZOWSKI**

2357 E. Dauphin Street
Philadelphia, PA 19125
215-906-3773
fbrzozow@gmail.com

April 8, 2015

Spencer H. Lewis, Jr., District Director
Debra Lawrence, Regional Attorney
and William N. Busund, Investigator
U.S. Equal Employment Opportunity Commission
801 Market Street, Suite 1300
Philadelphia, PA 19107-3127

via fax 215-440-2632

RE:    EEOC No. 530-2014-01936, Brzozowski v. PA Turnpike Commission (PTC),
       530201401936_BRZOZOWSKI_RED.pdf (EEOC CD 170 pages)

Dear Lady and Gentlemen:

    This is a request for assistance in finding an attorney to file a lawsuit against the Pennsylvania Turnpike Commission (PTC); the law offices or lawyers who were unable to take this case are: George Szymanski, Kathryn Boockvar, Bob Rovner, Breandan Nemec, Faye Cohen, Mark Syd Gold, Fishtown Lawyers, Isaac Siepner, Ray Arreola, Kevin Lovitz and Pete Dankowski. Before the 90-day period expires to file the discrimination action, as referenced in the attachments, EEOC form 161 states: "contact the EEOC representative shown on your Notice if you need help in finding a lawyer." At http://www.eeoc.gov/employees/lawsuit.cfm under EEOC and Filing a Lawsuit, the "EEOC office where your charge is filed may be able to give you a list of attorneys in your area who handle cases involving employment discrimination." Spencer H. Lewis, Jr., District Director, mailed a "Dismissal and Notice of Rights" dated 1/23/15 (EEOC pp. 10, 14). William N. Busund, Investigator, concurrently filed a letter tolling the 90 day right-to-sue (EEOC pp. 8-9, 12-13, 22-23).

    Disputing the dismissal, Mr. Busund never contacted Frank Brzozowski during the investigation; negating complainant's right to challenge the respondent's falsehoods. Mr. Brzozowski could not explain and define elements of retaliation, discriminations, and refute misrepresentations entered by the PA. Turnpike Commission that adversely affected the decision by your agency. Although the PA. Turnpike Commission advertises "The Pennsylvania Turnpike is an Equal Opportunity Employer" and "An Equal Opportunity Employer " in its employment literature, Mr. Busund states:

    "You were hired in 5/03 as a Supplemental Toll Collector, and in 2012 applied for, and were promoted to, Executive Assistant. Regarding the positions of Legal Assistant and Legal Secretary which you could not apply for, the record indicates that both positions were classified as "confidential," and so were not posted internally in accordance with policy." (EEOC pp. 8, 12, 22)

    How can an employer (PTC) be "an Equal Opportunity Employer" and hide positions from the PTC workforce, when in reality many jobs are granted for favoritism and nepotism, and not posted internally but classified as "confidential?" Prior to May 2003, Frank Brzozowski was a certified paralegal with typing and work experience, but as a supplemental toll collector complainant was paid $15.56/hr. (EEOC p. 129) and shortly as a data systems specialists in the PTC Information

Technology Department Network Control area. Incidentally, the PTC subcontracts paralegal work for $75.00/hr. (EEOC p. 86) instead of hiring internally to fill their paralegal position (EEOC p. 82-84). During the first 8 years of employment, the PTC refused to promote and discriminated against Brzozowski's legal qualifications -- for new hires to the law department (EEOC p. 127-130), who started at a lower rate employment without any prior experience with the turnpike (EEOC p. 79, and p. 98 #4, #5, and #6). Afterwards they were trained. Mr. Brzozowski was also discriminated for the recent executive assistant to the Information Technology Department (EEOC p. 78) the position that he applied for on 9/26/13 but the position was given to someone with less networking qualifications.

Mr. Busund also failed to review all of the details, background and material facts in concluding that complainant was illegally fired, for violations of policy, and for not establishing acts of discrimination against complainant and his department the Office of Diversity and Inclusion (ODI), which advocated civil rights matters. ODI investigated several employees of the Human Resources, some in HR retaliated in a conspiracy against ODI employees, including but not limited to filing allegations against Mr. Brzozowski with overly harsh discipline. Ms. Dorothy Ross, a white employee from Human Resources, unjustly complained about a black co-worker, Brian Slade who was fired. Mr. Slade filed actions against the PTC Docket No. 201002429 (either EEOC No. 17F201060618 or EEOC No. 17F200160618). Mr. Brian Slade was related to the husband of ODI co-worker Deborah Carpenter, a black woman, and a former PTC HR employee. As in Brzozowski's case, Ms. Ross retaliated by lying to Human Resources (EEOC p. 137) to justify her allegation causing at least 2 terminations. Mr. Busund states:

> "The evidence indicates that on 12-12-13, your employment was terminated for violations of policy, following an internal investigation. On 12-11-13, the Training and Development Specialist was administering exercises for your interview for a position. She informed you that you were not to use the Excel Manual as a cross reference, at which time she observed that you whipped the manual across the table and gave her what she considered to be a terrible glare, to the point she was very frightened. This was reported this to Respondent, and an investigation was conducted..." **(EEOC pp. 8, 12, 22)**

The EEOC investigation has faults. Before the above test by Ms. Ross occurred, Mr. Brzozowski finished a "Bid Recommendation" assignment on the third floor but could not print it out since his co-worker Deborah Carpenter was printing many pages at the ODI printer. Mr. Brzozowski 's work order was to complete ODI assignments that had priority over Ms Ross's test. Mr. Busund failed to examine the room where the PTC testing occurred which had many MS Excel booklets and other PTC courses including MS Word on its shelves along opposite walls of the large table (EEOC page 45 ). Mr. Brzozowski who wears trifocal glasses, wore a suit and tie during the examination and conducted himself in a professional manner without making any threats or intimidation. At the end to the 10 minute MS Word test, Ms. Ross sat in the chair to record the test on the computer; complainant looked over his trifocals and over Ms. Ross's shoulder to see what she was typing and afterwards left the room. Mr. Brzozowski's MS Word test was an unfair test that was rigged where red strike-through corrections could not be erased or changed; and the MS Word was modified where the text changes could not be executed in a corrections column along the right side dialogue box of the test document being proof read.

When Ms. Ross was ready for the first Excel test, Mr. Brzozowski sat in the chair facing the computer screen and informed Ms. Ross that he had his Excel book on the right side of the computer; when she objected, he slid it across the large table behind him with his right hand while he faced the computer screen. At this time Ms. Ross was in the area of the book shelves along the door side of the room and Mr. Brzozowski did not face her until after the test was finished. Ms. Ross did not go to Mr. Brzozowski's right side, the back of his head was oriented towards Ms. Ross and she could not see his face. The tests with Ms. Ross were finished in about an hour around 10:00 am, then Mr. Brzozowski was interviewed before a panel of three supervisors for the HR position for about another hour to about 11:00 am, contradicting Mr. Caro statements (EEOC p. 151, p. 66).

Frank Brzozowski
EEOC No. 530-2014-01936

-3-

4/8/2015

Ms. Ross lied about Brzozowski's violation of workplace violence (EEOC p. 137) to cover-up her corrupt testing. During the afternoon meeting with Director Myneca Ojo, Ms. Ross demonstrated hostile and violent actions with the Excel book and she verbally threatened both of us in Italian.

Mr. Busund also states:

"...The investigation also revealed that you had violated the Electronic Communications Policy regarding computer usage. Accordingly, your employment was terminated for policy violations." (EEOC pp. 8, 12, 22)

PA Turnpike Commission built 17 service plazas (EEOC p. 109) with free Wifi Internet access for patrons. People including PTC employees and their business partners, associates and contractors are able to use the free Internet for an unlimited time at PTC service plazas. Mr. Brzozowski contends that the vast internet usage (EEOC p. 157-159) was PTC related including legal and civil rights research, contract awards, prevailing wages, PA UCP certifications, illegal police profiling, commission meetings, veterans discrimination, job fairs, college events, African-American topics, ODI ethnic heritage months' programs and speakers to familiarize whites with diversity. Contrary to Mrs. Schlegel's documentation (EEOC p. 147) complainant's PTC IP computer address at ODI was hijacked Saturday 12-7 and Sunday12-8-13 when he was in Philadelphia, Mrs. Schlegel wrongfully accused him of abusing the computer. Mr. Brzozowski practiced on his computer after hours to become more efficient for the PTC. Mr. Brzozowski denies lodging at the Central Office, although at other locations such as Downingtown Interchange he has worked as long as 32 hours consecutively.

The issue of Mr. Brzozowski's willful misconduct, workplace violence and other policy violations were adjudicated before the PA. UCBR appeal number 14-09-C-1363. Referee James M. Hillegass states: "3. Claimant did not violate the workplace policy..." "5. Claimant did not knowingly violate any the employer's policies." (EEOC p. 46) "...When an individual is discharged from employment for the violation of an employer rule, the burden of proof is upon the employer to prove the existence of the rule and that it was violated; then the burden of proof shifts to the claimant to prove good cause for the violation or that the rule was unreasonable." (EEOC p. 47) Mr. Brzozowski did not have any reason and motive to disrespect or threatened Ms. Ross.

Mr. Busund conducted a biased one-sided investigation without allowing Mr. Brzozowski to refute the falsehoods submitted by the PTC. Complainant studied and practiced for Ms. Ross's tests to add to his qualifications for positions such as with the IT Department which has opportunities for advancement and better pay than ODI. The PA Turnpike Commission did not respond to Frank Brzozowski's Request for Admissions (EEOC pp. 50-53); the averments in the admissions should be deemed admitted since none were denied. Mr. Busund failed to investigate the facts in the admissions or interview the persons therein with sworn statements. Disregarding Frank Brzozowski's Request for Admissions (EEOC pp. 50-53) violated Complainant's rights to a fair EEOC decision.

Retaliation occurs at the PTC when someone complains about wrongful actions or questionable treatment, and the secret myriad of discriminatory practices of managers or their kin target victims with selective or oppressive policy enforcement. HR Director Patricia Schlegel's Executive Assistant Jill E. Davis warned to destroy Mr. Brzozowski's law books and personal items after termination, adding another hostile workplace incident. The 3.2 External Employee Communications Policy and 3.10 Code of Conduct Policy gives PTC ability to fire employees for speaking about working related matters and communicating with former employees, which hampers acquiring information of other employees who were or were not subjected to discrimination, retaliation, discipline, wrongful discharge, terminations and lawsuits against the PTC. ODI is

Frank Brzozowski
EEOC No. 530-2014-01936

occasionally powerless against some favoritism, nepotism, unable to enforce 10% of the bids in contracts and Request for Proposals (RFP) to DBEs (Disadvantaged Business Enterprise) sub-contractors, unfair and wrongful calculation of tests to screen and exclude applicants, disparagement of union employes, and failing to train union employes for promotions contrary to Teamster 77 & 250 Contract, Section 5 Training.

Nepotism protects PTC employes working at the Central Office, such as Patricia Schlegel, Director Human Resources, Robert Schlegel, Purchasing Department, Dolly Schlegel receptionist, HR Specialist Dorothy Ross is the daughter of past PA Senator James E. Ross. Favoritism protects James Gerlach, Facilities & Energy Management Operations who is related to ex-Congressman Jim Gerlach; Jeffrey H. Hess, Director of Fare Collection is the son of former Pa. Representative Dick Hess; Susan Zug, Operations Analyst is related to ex-Pa Representative Peter J. Zug; Dorcas McCall, Chief Counsel, and Jim McCall former Harrisburg interchange Manager are related to ex-Pa. Representative Keith R. McCall. Other PTC employes with powerful relatives were: Mark Bodack (son of a retired state senator); Daniel Dodaro (Commissioner's son); Ronald Dhimini (nephew of a Pa. Senator), Douglas James Manderino (son of a former House Speaker); and, Fred Trello (son of a former state representative). Included with above, Patrick Carr, David Smith, and Lynn Feeman are free of scrutiny and searches of their PTC hard drives for personal and non-turnpike material and internet use for personal reasons.

Complainant did not get a warning letter and was deprived of due process. Frank Brzozowski did not get the fair progressive discipline stages and an official hearing as many employes including union personnel, who are accused of misconduct and violations of policies. Teamsters Locals 77, 250 and 30 have histories of wrongful firings and discrimination by the PTC. Mr. Brzozowski is the victim of unfair and disparate treatment for working at the Office of Diversity & Inclusion and consequently had been blacklisted from the Legal Department and Information Technology Department.

Frank Brzozowski as a victim of civil rights violations needs a lawyer, without one, complainant will be compelled to file the action pro-se. He needs authorization to access EEOC law library for sample complaints and forms to be filed with the court. This is a request for helpful information needed to submit this case to Court.

Kindly respond to my request to secure legal counsel or reopen this EEOC investigation against the Pennsylvania Turnpike Commission (PTC).

Very truly yours,

Frank T. Brzozowski
fbrzozow@gmail.com

exc.

-4-

4/8/2015



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## Philadelphia District Office

801 Market Street, Suite 1300
Philadelphia, PA 19107-3127
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Philadelphia Status Line: (866) 408-8075
Philadelphia Direct Dial: (215) 440-2600
TTY (215) 440-2610
FAX (215) 440-2632, 2848 & 2604

January 23, 2015

Our Reference:    Charge Number 530-2014-01936 re: PA Turnpike

Mr. Frank T. Brzozowski
2357 E. Dauphin Street
Philadelphia, PA 19125

Dear Mr. Brzozowski:

The evidence of record, which includes the evidence and information submitted by you and by Respondent (PA Turnpike) concerning the above-referenced charge, has been reviewed by the Commission. The following is a summary:

You were hired in 5/03 as a Supplemental Toll Collector, and in 2012 applied for, and were promoted to, Executive Assistant. Regarding the positions of Legal Assistant and Legal Secretary which you could not apply for, the record indicates that both positions were classified as "confidential," and so were not posted internally in accordance with policy.

The evidence indicates that on 12-12-13, your employment was terminated for violations of policy, following an internal investigation. On 12-11-13, the Training and Development Specialist was administering exercises for your interview for a position. She informed you that you were not to use the Excel Manual as a cross reference, at which time she observed that you whipped the manual across the table and gave her what she considered to be a terrible glare, to the point she was very frightened. This was reported this to Respondent, and an investigation was conducted. The investigation also revealed that you had violated the Electronic Communications Policy regarding computer usage. Accordingly, your employment was terminated for policy violations.

Discrimination occurs when an employer treats some individuals less favorably than other similarly situated individuals *because of* their race, color, religion, sex, national origin, age, or disability. To prove disparate treatment, the Charging Party must establish that Respondent's actions were based on a discriminatory motive. There is no evidence of any similarly situated employee, not a member of your protected bases, who committed same/similar acts but was not terminated.

While we understand that the parties to a charge have very firm views that the available evidence supports their respective positions, our final determinations must comport with our interpretations of the available evidence and the laws we enforce.

For these reasons, this matter will be concluded, and a Dismissal and Notice of Rights be issued to you, which will allow you to exercise your right to file a private suit in Federal District Court within ninety (90) days of your receipt of the Dismissal.  Should you wish to obtain a copy of the administrative file for this charge, please write to the following address to make such a request. You must do so within the above-referenced 90-day period, which can be extended if you do file a lawsuit in court concerning this matter. Please be advised that there may be a fee if you make such a request for file disclosure.  Furthermore, please note that failure to receive requested documents in a timely manner does not extend the time period for filing a lawsuit.  The address is:  Equal Employment Opportunity Commission, File Disclosure Unit, 801 Market Street, Suite 1300, Philadelphia, PA  19107.

Sincerely,

William N. Busund
Investigator

Enclosure with EEOC
Form 161 (11/09)

**INFORMATION RELATED TO FILING SUIT
UNDER THE LAWS ENFORCED BY THE EEOC**

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS   –   Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),
the Genetic Information Nondiscrimination Act (GINA), or the Age
Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within
90 days** of the date you *receive this Notice.* Therefore, you should **keep a record of this date.** Once this 90-
day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to
consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell
him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely
manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* to you (as
indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate
State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide
after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short
statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter
alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in
the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some
cases can be brought where relevant employment records are kept, where the employment would have been, or
where the respondent has its main office. If you have simple questions, you usually can get answers from the
office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or
make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS   –   Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back
pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For
example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit
before 7/1/10 – not 12/1/10 – in order to recover unpaid wages due for July 2008. This time limit for filing an EPA
suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.
Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA
claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION   --   Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction
in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be
made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your
efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above,
because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   All Statutes:** 

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any
questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to
inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide
your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files
are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge
file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be
made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*



U.S. Equal Employment
Opportunity Commission

| Enter search terms... | **Search** |

  

Home > Employees & Applicants

# Filing a Lawsuit

*Note:* Federal employees and job applicants have a different complaint process.

*If you plan to file a lawsuit alleging discrimination on the basis of race, color, religion, sex (including pregnancy), national origin, age (40 or older), disability, genetic information, or retaliation, you first have to file a charge with one of our field offices (unless you plan to bring your lawsuit under the Equal Pay Act, which allows you to go directly to court without filing a charge). We will give you what is called a "Notice-of-Right-to-Sue" at the time we dismiss your charge, usually, after completion of an investigation. However, we may dismiss for other reasons, including failure to cooperate in an investigation. This notice gives you permission to file a lawsuit in a court of law. Once you receive a Notice-of-Right-to-Sue, you must file your lawsuit within 90 days. We cannot extend this deadline except when the District Director gives the parties a written notice of intent to reconsider before the deadline for filing a lawsuit. If you don't file in time, you may be prevented from going forward with your lawsuit.*

## Exceptions When Filing a Lawsuit

If you plan to file an age discrimination lawsuit, you won't need a Notice of Right-to-Sue to file in court. You can file anytime after 60 days have passed from the day you filed your charge (but no later than 90 days after you receive notice that our investigation is concluded). If you plan to file a lawsuit under the Equal Pay Act, you don't have to file a charge or obtain a Notice of Right-to-Sue before filing. Rather, you can go directly to court, provided you file your suit within two years from the day the discrimination took place (3 years if the discrimination was willful).

Keep in mind, though, Title VII also makes it illegal to discriminate based on sex in the payment of wages and benefits. If you have an Equal Pay Act claim, there may be advantages to also filing under Title VII. In order to pursue a Title VII claim in court, you must have filed a charge with EEOC and received a Notice of Right-to-Sue.

## Filing Before the Investigation is Completed

If you want to file a lawsuit before we have finished our investigation, you can request a Notice of Right-to-Sue. If more than 180 days have passed from the day you filed your charge, we are required by law to give you the notice if you ask for it. If fewer than 180 days have passed, we will only give you the notice if we will be unable to finish our

**Overview**
**Coverage**
**Timeliness**
**Filing A Charge**
   How to File
   Charge Handling
   Confidentiality
   Mediation
   Remedies
   Existing Charges
   Filing a Lawsuit
**Discrimination by Type**
   Age
   Disability
   Equal Compensation
   Genetic Information
   Harassment
   National Origin
   Pregnancy
   Race/Color
   Religion
   Retaliation
   Sex
   Sexual Harassment
**Prohibited Practices**

investigation within 180 days. You should request the Notice of Right-to-Sue in writing and send it to the Director of the EEOC office where your charge is filed. Include in your *request the names of the parties and, if possible, your charge number. Once you have* been given a Notice of the Right-to-Sue, we will close the case and take no further action. So if you want EEOC to continue investigating your charge, don't request the Notice of Right-to-Sue.

## EEOC and Filing a Lawsuit

EEOC files employment discrimination lawsuits in select cases. When deciding whether to file a lawsuit, we consider several factors, including the seriousness of the violation, the type of legal issues in the case, and the wider impact the lawsuit could have on our efforts to combat workplace discrimination. Because of limited resources, EEOC cannot file a lawsuit in every case where discrimination has been found.



However, the EEOC office where your charge is filed may be able to give you a list of attorneys in your area who handle cases involving employment discrimination.



Privacy Policy | Disclaimer | USA.Gov

**HUMAN RESOURCES DEPARTMENT**

Pennsylvania Turnpike Commission
PO Box 67676, Harrisburg PA 17106-7676
717.939.9551

February 26, 2014

Frank T. Brzozowski
2357 E. Dauphin Street
Philadelphia PA, 19125

Dear Frank,

We have collected items from your cubical in at the Central Office that we believe belong to you.  There are several books and some paperwork that we would like to return to you.

The boxes will be sent to the Eastern Regional Office in order to make it more convenient for you to pick up.  Please call me in order to confirm a date of delivery.

Items will be stored in the Human Resources Department until March 31, 2013.  At that time, they will be moved to the warehouse for storage until December 31, 2014, at such time the items will be destroyed.

You can reach me at 717-831-7492 or jidavis@paturnpike.com.

Thank you,

Jill E. Davis
Executive Assistant
Human Resources



America's First Superhighway
www.paturnpike.com

# Pennsylvania Turnpike Commission

APPLICATION FOR EMPLOYMENT

 An Equal Opportunity Employer

## PERSONAL

| Last Name | | First | | Middle Initial |
|---|---|---|---|---|
| Brzozowski | | Frank | | T |

| Address | City | County | State | ZIP |
|---|---|---|---|---|
| 2357 E. Dauphin Street | Philadelphia | Philadelphia | PA | 19125 |

| Country | Email Address |
|---|---|
| United States | fbrzozow@paturnpike.com |

| U.S. Citizenship and Immigration Services of the Department of Homeland Security may require proof that you are permitted to work in the United States. Will you be able to provide necessary documentation?<br><br>Yes | Primary Phone<br>(215) 425-7672<br><br>Secondary Phone<br>(215) 906-3773 |

## EDUCATION

| School Type | School Name | Address | Grad? | Years Comp. | Credits | Degree | Major |
|---|---|---|---|---|---|---|---|
| College/University/Professional | Delaware Valley College | 700 East Butler Avenue Doylestown, PA 18901 | Yes | 4 | 134 | Bachelors | B.S. Biological Science |
| College/University/Professional | Institute for Paralegal Training | Philadelphia, PA 19103 | Yes | 2 | 21 | Certificate | General Practice Paralegal (32.4 C.E.U.) |
| College/University/Professional | Temple University | 1616 Walnut Street Philadelphia, PA 19103 | Yes | 0 | 4 | Certificate | Real Estate Salesman |

## POSITION PREFERENCES

**Full Time/Supplemental Positions**          **Summer Positions**

PA Turnpike Online Employment Application System



Logged in as: rbsnzow

  

## MY APPLIED JOBS

You have applied for the job(s) listed below

If a job posting is still open, you may cancel the application by clicking "Rescind Application".
Once you rescind an application, you will need to re-apply BEFORE the end of the job's Application Period if you want to be
considered for the job.

| Job Title | Application Period | Applied Date | Position Status | |
|---|---|---|---|---|
| Operations Coordinator 2 | 09/21/2012 - 10/04/2012 | 10/04/2012 | Open | Rescind Application |
| Executive Assistant | 10/04/2012 - 10/17/2012 | 10/16/2012 | Open | Rescind Application |
| Senior Investigative Analyst | 11/28/2012 - 12/17/2012 | 12/17/2012 | Open | Rescind Application |
| Human Resources Assistant 2 - Employment & Staffing | 07/24/2013 - 08/06/2013 | 08/05/2013 | Open | Rescind Application |
| Facilities Security Technician | 07/30/2013 - 08/12/2013 | 08/06/2013 | Open | Rescind Application |
| Custodial Supervisor | 08/30/2013 - 09/13/2013 | 09/12/2013 | Open | Rescind Application |
| Human Resources Specialist 1 - Compensation & Leave | 09/03/2013 - 09/26/2013 | 09/12/2013 | Open | Rescind Application |
| Executive Assistant - Information Technology | 09/16/2013 - 09/27/2013 | 09/26/2013 | Open | Rescind Application |
| Human Resources Specialist 1 - Compensation | 09/19/2013 - 10/02/2013 | 09/26/2013 | Open | Rescind Application |

---

### Americans With Disabilities

If you need an accommodation to complete this application or participate in the pre-employment screening process,
please call the Customer Assistance Center at 800-331-3414 to reach the ADA Coordinator.

The Pennsylvania Turnpike is an Equal Opportunity Employer

Questions? Call the Customer Assistance Center at 800-331-3414 Monday through Friday, 8:30 A.M. to 4:30 P.M

**Pennsylvania Turnpike Commission Human Resources Department**
P O Box 67676, Harrisburg, PA 17106-7676
Phone (717) 939-9551 - TDD # (800) 932-0586 - Fax (717) 986-8760

FRANK T. BRZOZOWSKI



Exhibit "B"