**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FRANK T. BRZOZOWSKI,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | |
| | : | |
| **PENNSYLVANIA TURNPIKE** | : | |
| **COMMISSION, et al.,** | : | **NO. 15-2339** |
| | : | |
| **Defendants.** | | |

## MEMORANDUM

**Stengel, J.**                                                      **February 25, 2016**

*Pro se* plaintiff, Frank Brzozowski, filed this employment discrimination action against his former employer, the Pennsylvania Turnpike Commission ("PTC"), and several of its agents and employees including William K. Lieberman, A. Michael Pratt, Pasquale T. Deon, Sean Logan, Barry J. Schoch, Patricia Schlegel, Judy Treaster, Dorothy Ross, Patrick Caro, Jill Davis, David Smith, and Lynn Feeman (collectively referred to hereinafter as "Turnpike Defendants").  In the same complaint, Mr. Brzozowski also sues former Governor Thomas Corbett, Troop T of the Pennsylvania State Police ("Troop T") and Trooper Shawn Kernaghan for reasons unrelated to his employment with PTC.  Although unclear, I will construe Mr. Brzozowski's complaint to allege an action against the Turnpike Defendants under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, and the Pennsylvania Human Rights Act, and an action against Trooper Shawn Kernaghan, former Governor Thomas

1

Corbett and the Pennsylvania State Police under 42 U.S.C. § 1983.  For the reasons that

follow, I am granting the Turnpike Defendants' motion to dismiss, Trooper Kernaghan's

motion to dismiss, Troop T's motion to dismiss and Thomas Corbett's motion to dismiss.

## I.      BACKGROUND

*Pro se* plaintiff, Frank Brzozowski, is a white male of Polish descent who was

born on October 19, 1955.  (Doc. No. 1[1], p. 15).  Mr. Brzozowski has a B.S. degree, has

earned his paralegal certification and has taken several real estate classes.  Id. at 5.  On

May 5, 2003, PTC hired Mr. Brzozowski as a supplemental toll collector in District 4, an

area including the Montgomery and Bucks County interchanges.  Id.  Around August or

September of 2003, Mr. Brzozowski was offered a Data Systems Specialist position at

the PTC Central Administration Building in Dauphin County.  Id.  About a week before

transferring into the new position, Mr. Brzozowski decided that he did not want the Data

Systems Specialist position but would rather remain a toll collector in District 4.  Id.  Mr.

Brzozowski became a full-time employee in 2007 and was transferred to District 3 in

Chester County to work the night shift.  Id.  About a year later, Mr. Brzozowski was once

again transferred to the Downingtown area to work as a toll collector.  Id.

Mr. Brzozowski states that PTC policy dictates that VASCAR is not to be used on

the Turnpike to enforce speed limits.[2]  Id. at 6.  In violation of PTC policy, defendants

Troop T of the Pennsylvania State Police and Trooper Kernaghan employ VASCAR, and

---

[1] Plaintiff's Complaint.
[2] VASCAR or Visual Average Speed Computer And Recorder is a type of device that computes speed from two variables, the distance the target vehicle travels and the time it takes to travel that distance.

in fact, on November 28, 2012, Trooper Kernaghan employed VASCAR to stop and cite Mr. Brzozowski.  Id.; (Doc. No. 9[3], Ex. A).  Trooper Kernaghan issued Mr. Brzozowski a traffic citation for failure of "obedience to traffic-control devices."  (Doc. No. 9, Ex. A).  Mr. Brzozowski states that at the hearing before District Judge Tobin regarding the traffic citation, Trooper Kernaghan falsely testified that he got a "good VASCAR reading" on Mr. Brzozowski's speed.  (Doc. No. 1, p. 6).  Judge Tobin found Mr. Brzozowski guilty of the charge on July 7, 2013.  (Doc. No. 9, Ex. A).  Mr. Brzozowski filed a summary appeal to the Lancaster County Court of Common Pleas and was found guilty in a de novo trial on August 14, 2013.  (Doc. No. 9, Ex. C).

On April 17, 2012, Mr. Brzozowski was promoted to an administrative position as an Executive Assistant in the Office of Diversity and Inclusion.  (Doc. No. 1, p. 15).  The Executive Assistant position was a move from a union position to a management position, and Mr. Brzozowski's pay was negatively impacted as he moved out of union membership and the terms of its collective bargaining agreement.  Id. at 7.  Shortly after his promotion, on June 26, 2012, Mr. Brzozowski alleges that the defendant, Ms. Dorothy Ross, "attacked" him by misrepresenting that Mr. Brzozowski "made insulting and disparaging remarks, including a condescending comment to Eric Paul a black interchange manager."  Id.

On December 11, 2013, Ms. Ross, the Training and Development Specialist, was administering a test in Excel skills to Mr. Brzozowski.  Id.  During the Excel test, Ms.

---

[3] Defendant Trooper Kernaghan's Motion to Dismiss.

Ross informed Mr. Brzozowski that he was not permitted to use his Excel Manual as a reference during the test.  Id. at 13.  In response, Mr. Brzozowski "whipped the manual across the table and gave her what she considered to be a terrible glare, to the point she was very frightened."[4]   Id.  Following this incident, Human Resource members, Ms. Patricia Schlegel and Ms. Judy Treaster held an informal hearing regarding the allegations of workplace violence against Mr. Brzozowski.  Id. at 19.  After the informal hearing, on December 12, 2013, Ms. Schlegel and Ms. Treaster suspended Mr. Brzozowski without pay.  Id.   On December 26, 2013, Mr. Brzozowski received a letter from Ms. Schlegel terminating his employment and on December 31, 2013, PTC terminated Mr. Brzozowski's medical benefits.  Id.

　　　Mr. Brzozowski filed a Charge of Discrimination with the EEOC and PHRC on June 25, 2014.  Id. at 15.  In his Charge, Mr. Brzozowski alleged discrimination based on sex, national origin, retaliation, and age occurring between the periods of September 20, 2013, and December 12, 2013.  Id.  When asked to describe the particulars of the discrimination against him, Mr. Brzozowski states:

> On or about October 2013, I discovered that Alice Sebring (Female, Legal Assistant) and Anna Marcella (Female, Legal Secretary) were hired for their respective positions.  I was never given the chance to apply to either position because they were not posted.  Ms. Sebring and Ms. Marcella were both hired as external candidates.  I also applied for Executive Assistant Information Technology on September 26, 2013, and was not selected for that position either.  On December 12, 2013, I was suspended and later discharged after I was falsely accused of workplace violence by Dorothy Ross

---

[4] Mr. Busund's investigation also revealed that Mr. Brzozowski had violated PTC's Electronic Communications Policy regarding computer usage.  (Doc. No. 1, p. 13).

> (Human Resources Specialist, Female).  Ms. Ross also stated
> that I threw the manual across the table when I was told I
> could not use it.

Id.  Following an investigation by Mr. William Busund, EEOC Investigator, the EEOC

determined that, "[t]here is no evidence of any similarly situated employee, not a member

of your protected bases, who committed same/similar acts but was not terminated."  Id. at

13.  Moreover, the investigation revealed that Mr. Brzozowski was terminated for policy

violations and that "regarding the positions of Legal Assistant and Legal Secretary which

[Mr. Brzozowski] could not apply for, the record indicates that both positions were

classified as 'confidential,' and so were not posted internally in accordance with policy."

Id.  Ultimately, the EEOC decided to conclude the matter by issuing a Dismissal.  Id. at

14.

## II.    LEGAL STANDARD

### A.    12(b)(6) Standard

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure

for failure to state a claim upon which relief can be granted examines the legal

sufficiency of the complaint.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Following

the Supreme Court decisions in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555

(2007) and Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009), pleading standards in federal

actions have shifted from simple notice pleading to a more heightened form of pleading,

requiring a plaintiff to allege facts sufficient to show that the plaintiff has a "plausible

claim for relief."  Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).  A

facially plausible claim may not be supported by conclusory allegations, but must allow

the court "to draw the reasonable inference that the defendant is liable for the misconduct

alleged." Iqbal, 556 U.S. at 678.

When presented with a motion to dismiss for failure to state a claim under Rule

12(b)(6), district courts should conduct a two-part analysis.  Fowler, 578 F.3d at 210.

First, the court must separate the factual and legal elements of the claim.  Id.  The court

"must accept all of the complaint's well-pleaded facts as true, but may disregard any

legal conclusions."  Id.  Second, the court must determine whether the facts alleged in the

complaint demonstrate that the plaintiff has a "plausible claim of relief."  Id. (citing

Iqbal, 556 U.S. at 678).

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a short

and plain statement of the claim showing that the plaintiff is entitled to relief." Iqbal, 556

U.S. at 677-78.  While Federal Rule of Civil Procedure 8(a)(2) does not require the

plaintiff to plead detailed factual allegations, it does demand "more than an unadorned,

the-defendant-unlawfully-harmed-me accusation."  Id. at 678.  In other words, a pleading

that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause

of action will not do."  Twombly, 550 U.S. at 555.  Moreover, a pleading is not sufficient

if it tenders "naked assertion[s]" devoid of "further factual enhancement."  Id.  However,

a *pro se* complaint must be liberally construed and held to a less stringent standard than

formal pleadings.  Estelle v. Gamble, 429 U.S. 97, 107 (1976).  A *pro se* action "can only

be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can

6

prove no set of facts in support of his claim which would entitle him to relief.'" <u>Jubilee v. Horn</u>, 959 F.Supp. 276, 279 (E.D. Pa. 1997)(quoting <u>Estelle</u>, 429 U.S. at 107).

**B.    <u>12(b)(1) Standard</u>**

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure permits the court to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). In the Third Circuit, "the Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction." <u>Blanciak v. Allegheny Ludlum Corp.</u>, 77 F.3d 690, 694 n.2 (3d Cir. 1996). Therefore, "Rule 12(b)(1) serves as the proper means by which to challenge the propriety of federal jurisdiction by reason of the Eleventh Amendment." <u>Bradley v. West Chester U. of the Pa. St. Sys. Higher Educ.</u>, No. 15-2681, 2015 WL 8468563, *2 (E.D. Pa. Dec. 9, 2015). A Rule 12(b)(1) challenge may either be made in the form of a facial challenge or a factual challenge. <u>Warren v. Matthey</u>, No. 15-1919, 2016 WL 215232, *2 (E.D. Pa. Jan. 1, 2016). A challenge in which the Eleventh Amendment jurisdictional bar is asserted is properly identified as a facial challenge. <u>Sixth Angel Shepherd Rescue Inc. v. West</u>, 790 F.Supp.2d 339, 349 (E.D. Pa. 2011). In considering a facial challenge to a complaint, the court "must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." <u>Gould Electronics Inc. v. U.S.</u>, 220 F.3d 169, 176 (3d Cir. 2000).

### III.   DISCUSSION

#### A.   <u>Claims Arising Under Title VII, the ADEA and the PHRA</u>

Mr. Brzozowski's claims against the Turnpike Defendants arise under Title VII, the ADEA and the PHRA.  Under Title VII, it is an unlawful employment practice for an employer to discharge or otherwise discriminate against any individual "because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1).  The ADEA makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age."  29 U.S.C. § 623(a)(1).

Where the plaintiff fails to provide direct evidence of discrimination, the plaintiff's Title VII, ADEA and PHRA claims are analyzed under the familiar burden-shifting framework set forth in <u>McDonnell Douglas Corporation v. Green</u>, 411 U.S. 792 (1973).  <u>LeBlanc v. Hill Sch.</u>, No. 14-1674, 2015 WL 144135, *8 (E.D. Pa. Jan. 12, 2015)(stating that Title VII, ADEA and PHRA claims are evaluated under <u>McDonnell Douglas</u>).  Under the first step of the <u>McDonnell Douglas</u> standard, the plaintiff must offer sufficient evidence from a jury could determine that:  "(1) the plaintiff belongs to a protected class; (2) he/she was qualified for the position; (3) he/she was subject to an adverse employment action despite being qualified; and (4) under circumstances that would raise an inference of discriminatory action, the employer continued to seek individuals with qualifications similar to the plaintiff's to fill the position."  <u>Sarullo v.</u>

U.S. Postal Serv., 352 F.3d 789, 797 (3d Cir. 2003). In order to survive a motion to dismiss in an employment discrimination action, "a plaintiff is not required to establish the elements of a *prima facie* case but instead, need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." Fowler v. UPMC Shadyside, 578 F.3d 203, 213 (3d. Cir. 2009).

Once a plaintiff establishes a *prima facie* case of discrimination, the burden shifts to the employer to "articulate some legitimate, nondiscriminatory reason for the employee's rejection." McDonnell Douglas 411 U.S. at 802. If the defendant is able to meet his burden of showing a legitimate, nondiscriminatory reason, the presumption of discriminatory action is rebutted and the plaintiff must then establish that the defendant's proffered reasons for the adverse employment action is a pretext for the discrimination. Sarullo, 352 F.3d at 797.

### 1.   Claims Against Individual Turnpike Defendants Under Title VII and ADEA

As an initial matter, Mr. Brzozowski is not permitted to bring a claim under Title VII or the ADEA against an individual defendant. "Both Title VII and the ADEA create a cause of action against an employer for workplace discrimination, however, neither statute extends that cause of action to the employer's employees in their individual capacity." Barthold v. Briarleaf Nursing & Convalescent Center Nursing Home, No. 13-2463, 2014 WL 2921534, *2 (E.D. Pa. June 27, 2014)(citation omitted); Cohen v. Temple Physicians, Inc., 11 F.Supp.2d 733, 737 (E.D. Pa. 1998)("Title VII, the ADA, ADEA and PHRA are all to be interpreted consistently with one another such that

individual employees are not to be held liable under these Acts . . .").  Therefore, to the

extent that Mr. Brzozowski alleges claims for age, sex, or national origin discrimination,

or retaliation against William Lieberman, A. Michael Pratt, Pasquale Deon, Sean Logan,

Barry J. Schoch, Patricia Schlegel, Judy Treaster, Dorothy Ross, Patrick Caro, Jill Davis,

David Smith, and Lynn Freeman, I will dismiss with prejudice those claims.

> ### 2.    Claims Against the Pennsylvania Turnpike Commission Under Title VII, the PHRA and the ADEA

>> a.    Denial of the Opportunity to Apply for Legal Assistant and Legal Secretary Positions

Mr. Brzozowski's complaint alleges discrimination based on the fact that he had

"submitted employment applications and resumes for many management positions,

including the Legal Department," but was not hired for those positions.  (Doc. No. 1, p.

6).  Specifically, Mr. Brzozowski contends that he was denied the opportunity to apply

for the positions of Legal Assistant and Legal Secretary.  According to Mr. Brzozowski,

he had work experience as a paralegal and PTC's decision not to consider him for the

positions constituted discrimination "based on his national heritage, sex, age and was

retaliation by members of the Human Resources Department for ODI investigation of

Defendants Mrs. Schlegel and Mrs. Treaster."[5]  Id. at 8.

---

[5] As mentioned previously, Mr. Brzozowski is not permitted to bring a Title VII claim against an individual defendant.  Therefore, to the extent that Mr. Brzozowski brings a retaliation claim against "members of the Human Resources Department for ODI investigation [sic] of Defendants Schlegel and Mrs. Treaster," I dismiss this claim with prejudice.  (Doc. No. 1, p. 8).

i.      National Origin

First, Mr. Brzozowski alleges that he was denied the opportunity to apply for the Legal Assistant or Legal Secretary positions on account of his national origin.  Mr. Brzozowski has failed to allege a plausible claim of relief for discrimination on the basis of national heritage in violation of Title VII.  Other than the bare assertion that he was denied the opportunity to apply for the positions of Legal Assistant and Legal Secretary because of his national origin, Mr. Brzozowski makes no further factual allegations regarding his national origin.  In fact, Mr. Brzozowski never even discloses his national origin in his complaint much less alleges that he was treated differently than other similarly-situated individuals because of his national origin.[6]  Without further factual enhancement, a bare assertion that he was discriminated against on the basis of national origin is insufficient to meet the pleading requirements of the Fed. R. Civ. P. 8(a).  See Elmarakaby v. Wyeth Pharmaceuticals, Inc., No. 09-1784, 2015 WL 1456686, * 7 (E.D. Pa. Mar. 30 2015)("General allegations of discrimination based on national origin lacking specificity and lacking any reasonable nexus are insufficient [to survive dismissal].").

---

[6] The fact that Mr. Brzozowski is of Polish origin is only disclosed in his EEOC charge of discrimination that he attaches to his complaint.

ii.     Gender Discrimination[7]

Mr. Brzozowski also alleges that he was not given the opportunity to apply for the Legal Assistant or Legal Secretary position because of his gender.  Other than his conclusory allegation that he was discriminated against on the basis of his gender, Mr. Brzozowski provides no other factual support in his complaint for his gender discrimination claim.  Mr. Brzozowski does not allege that he was denied the position because he was male or that the PTC permitted only women to apply for the positions.  In fact, Mr. Brzozowski's complaint never even alleges that the positions were given to women—this only becomes apparent in the attached EEOC charge of discrimination.  On the basis of these facts alone, it appears that Mr. Brzozowski's gender discrimination claim is a "naked assertion" that he suffered harm at the hands of the defendants.

Furthermore, Mr. Brzozowski cites to a letter from the EEOC investigator which indicates that no one was permitted to apply for the positions as the positions were "classified as 'confidential,' and so were not posted internally in accordance with policy." (Doc. No. 1, p. 13).  Contrary to Mr. Brzozowski's claim of gender discrimination, the citation to the EEOC's findings indicates that Mr. Brzozowski was not treated differently from other individuals, but rather all employees, men and women, were not able to apply to the positions.  Ultimately, Mr. Brzozowski's complaint fails to adequately allege facts

---

[7] In cases alleging reverse discrimination, "where a non-protected class is the target of the alleged discrimination, the Third Circuit removes the first prong of the *prima facie* analysis."  Koller v. Riley Riper Hollin & Colagreco, 850 F.Supp.2d 502, 517 (E.D. Pa. 2012).  Thus, to establish a *prima facie* "reverse discrimination" case, a plaintiff must show: "(1) he or she was qualified for the position in question, (2) he or she suffered an adverse employment action, and (3) the evidence is adequate to create an inference that the adverse employment action [or less favorable treatment] was based on a trait protected by Title VII."  Warenecki v. City of Philad., No. 10-1450, 2010 WL 4344558, *5 (E.D. Pa. Nov. 3, 2010).

that give rise to a reasonable expectation that discovery will reveal evidence of discrimination.

### iii.    Age Discrimination

Mr. Brzozowski also alleges that he was denied the opportunity to apply for the Legal Secretary and Legal Assistant positions because of his age.  Once again, Mr. Brzozowski's age discrimination claim is set forth only in the barest of conclusory allegations without factual support.  Mr. Brzozowski does not allege that he was over the age of forty when he applied for the positions nor does he allege that younger employees filled the positions.  There are no allegations contained with Mr. Brzozowski's complaint to suggest an inference of age discrimination.  Therefore, without further factual enhancement, Mr. Brzozowski's claim that he was denied the opportunity to apply for the Legal Secretary and Legal Assistant position because of his age cannot survive the Turnpike Defendants' motion to dismiss.

### b.    Termination

Mr. Brzozowski's employment with the PTC was terminated on December 26, 2013.  While Mr. Brzozowski makes the broad statement that the "[d]efendant(s) discriminated against me based on my race, color, gender/sex, national origin and age . . ." (Doc. No. 1, p. 5).  Mr. Brzozowski does not provide any further factual allegations that race, color, gender/sex, national origin or age played any role in his termination.  In order to survive the defendants' motion to dismiss, Mr. Brzozowski must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the

necessary element." Fowler, 578 F.3d at 213 (citation omitted).  Essentially, Mr.

Brzozowski's complaint must allege a causal nexus between his termination and those

characteristics prohibited by Title VII, the PHRA and the ADEA.  On the face of the

complaint, I see no allegations causally linking his termination with race, color,

gender/sex, national origin or age discrimination.  I cannot allow Mr. Brzozowski's Title

VII, PHRA and ADEA claims against the PTC to survive the defendants' motion to

dismiss where Mr. Brzozowski has failed to even allege that he was terminated for

reasons prohibited by Title VII, the PHRA and ADEA.

  Indeed, the only substantive factual allegations regarding Mr. Brzozowksi's

termination are those made in connection with Mr. Brzozowski's role in calculating bid

recommendations for the PTC.  As an Executive Assistant for the Office of Diversity and

Inclusion at the PTC, Mr. Brzozowski helped in the calculation of bid recommendations

for PTC contracting work.  Because they are a recipient of federal funds, the PTC is

required to allocate ten percent of their business contracts to disadvantaged business

enterprises ("DBEs") and Mr. Brzozowski alleges that he "complained that prime

contractors who really did not make a bona fide effort had an unfair competition

advantage over the prime contractors who diligently tried to attain the 10% goals for

DBE's." (Doc. No. 1, p. 8).  According to Mr. Brzozowksi, many of the PTC supervisors

and attorneys did not want him to "object to the prime contractors who got the bids but

not the 10% goals." Id.  In conclusion, Mr. Brzozowski states that "[e]very bid that was

contracted to the prime contractors were [sic] approved by the Defendant Commissioners

who agreed to fire Plaintiff about December 16, 2013."  Id.  It is not clear whether Mr. Brzozowski is attempting to assert a retaliation claim based on these facts, but even if he were, these allegations are not sufficient to support such a claim because they fail to allege any causal connection between his complaints about the bid recommendation process and his termination.  Mr. Brzozowski does not allege that he was fired because he made these complaints or that one of the many PTC supervisors or attorneys took any action against him for his objections.  In effect, there are no allegations to suggest that Mr. Brzozowski's objections to the bid recommendation process and his termination were at all related.[8]  Without any evidence of a causal connection, Mr. Brzozowski has failed to adequately plead that his termination was in violation of Title VII or the PHRA.

### 3.     PHRA Claims Against Individual Defendants[9]

A plaintiff can sustain PHRA claims against a defendant in their individual capacity pursuant to Section 955(e) of the PHRA which forbids, "any person, employer, employment agency, labor organization or employee, to aid, abet, incite, compel or coerce the doing of any act declared by this section to be an unlawful discriminatory

---

[8] To follow up his claim of retaliation, Mr. Brzozowski states "[r]etaliations occur at the PTC when someone complains about wrongful actions or questionable treatment, and the secret myriad of discriminatory practices of managers or their kin target victims with selective or oppressive policy enforcement."  (Doc. No. 1, p. 9).  Mr. Brzozowski makes no further claims with regard to actions taken against him in conjunction with this statement as would constitute an adverse employment action.

[9] The Third Circuit has held that PHRA claims are "co-extensive with Title VII, and are subject to the same burden-shifting analysis as Title VII, the ADA, and ADEA."  Nolan v. Duffy Connors LLP, 542 F.Supp.2d 429, 434 (E.D. Pa. 2008)(citing Atkinson v. LaFayette C., 460 F.3d 447, 454 n.6 (3d Cir. 2006)); LeBlanc v. Hill School, No. 14-1674, 2015 WL 144135, *7 (E.D. Pa. Jan. 12 2015)("The standards for proving sex and age discrimination claims under the PHRA are identical to those under Title VII and the ADEA.").  Therefore, to the extent that Mr. Brzozowski asserts a PHRA claim against the Pennsylvania Turnpike Commission, I have incorporated that discussion above in my evaluation of Mr. Brzozowski's Title VII and ADEA claims.

practice. . ." 43 Pa. Con. Stat. § 955(e).  Thus, "an individual supervisory employee can

be held liable under an aiding and abetting/accomplice liability theory pursuant to §

955(e) for his own direct acts of discrimination or for his failure to take action to prevent

further discrimination by an employee under supervision." Davis v. Levy, Angstreich,

Finney, Baldante, Rubenstein & Coren P.C., 20 F.Supp.2d 885, 887 (E.D. Pa.

1998)(citation omitted).  Courts have emphasized that liability under § 955(e) only

extends to those who are in a *supervisory* role as "only supervisors can share the

discriminatory purpose and intent of the employer that is required for aiding and

abetting." Holocheck v. Luzerne County Head Start, Inc., 385 F.Supp.2d 491, 497 (M.D.

Pa. 2005)(citing Bacone v. Phila. Housing Auth., No. 01-419, 2001 WL 748177, *2 (E.D.

PA. June 27, 2001)).  Direct incidents of harassment by non-supervisory co-employees

are not covered by § 955(e).  See Dici v. Com. of Pa., 91 F.3d 542, 552-53 (3d Cir.

1996).

        While Mr. Brzozowski's complaint names several individuals as defendants, it

does not identify which defendants are his supervisors and which are his co-employees.

For purposes of evaluating a PHRA claim, courts have been clear that the distinction

between a supervisor and a co-employee is determinative on the matter of whether a

PHRA claim for aiding and abetting discrimination may be brought against an individual

defendant.  On this basis alone, Mr. Brzozowski's PHRA claim against the individual

defendants is subject to dismissal.  However, even if Mr. Brzozowski had identified

which of the individual defendants were his supervisors, his PHRA claims against those

individuals would still be subject to dismissal because there is no primary violation of the PHRA by the Turnpike Defendants.  See <u>Elmarakaby</u>, 2015 WL 1456686, at *9 (holding that the plaintiff's PHRA aiding and abetting claim cannot survive independently of the primary violation of the PHRA in a motion to dismiss).  Given the deficiencies in Mr. Brzozowski's PHRA claim, I will grant the Turnpike Defendants' motion to dismiss on the PHRA claim.

> **B.**     **<u>Claims Arising Under 42 U.S.C. § 1983</u>**

Under 42 U.S.C. § 1983, a private party may recover in an action against any person acting under the color of state law who deprives the party of his or her constitutional rights.  42 U.S.C. § 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia subjects, or causes to be subjected, any citizen of the United States or other person . . . to the deprivation of any rights, privileges or immunities secured by the Constitution and law, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

"Section 1983 does not by itself confer substantive rights, but instead provides a remedy for redress when a constitutionally protected right has been violated."  <u>Goff v. Kutztown U.</u>, 63 F.Supp.3d 475, 480 (E.D. Pa. 2014)(citing <u>City of Okla. v. Tuttle</u>, 471 U.S. 808, 816 (1985)).  Therefore, in order to succeed on a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate:  (1) the violation of a right secured by the Constitution, and

(2) that the constitutional deprivation was committed by a person acting under the color of state law.  <u>Kneipp v. Tedder</u>, 95 F.3d 1199, 1204 (3d Cir. 1996).

Although Congress did not specify a statute of limitations for claims arising under § 1983, § 1983 claims are to be treated as tort actions and as such, the applicable state statute of limitations for personal injury or tort actions is to be applied when assessing § 1983 actions.  <u>Wilson v. Garcia</u>, 471 U.S. 261, 266 (1985).  In Pennsylvania, the statute of limitations for personal injury or tort actions is two years.  42 Pa.C.S.A. § 5524.  "As such, for Section 1983 actions brought in the federal courts located within the Commonwealth of Pennsylvania, the appropriate limitations period is two years." <u>Laurensau v. Pluck</u>, No. 12-623, 2013 WL 4779010, *3 (W.D. Pa. Sept. 5, 2013).

### 1.    Trooper Shawn Kernaghan

Mr. Brzozowski's complaint fails to signal what claims he brings against Trooper Kernaghan.  The only factual allegations made against Trooper Kernaghan are in regards to a traffic citation that Trooper Kernaghan issued to Mr. Brzozowski.  Accordingly, I decline to evaluate Mr. Brzozowski's action under Title VII, the ADEA and the PHRA, and I will construe Mr. Brzozowski's cause of action as having been brought under the only relevant statute that he pleads, 42 U.S.C. § 1983.  Mr. Brzozowski's complaint alleges that:

> Pennsylvania Turnpike Commission states "VASCAR is not used on the Turnpike." Defendants Troop T of the PSP and Trooper Kernaghan employ VASCAR as means of proving speeding to local magistrates. Once he pulled over two cars, with the Plaintiff being the second car that trailed the first car

> by miles.  Defendant Kernaghan lied to Judge Tobin by
> stating that he got a "good VASCAR reading" with other
> misrepresentations to illegally obtain a wrongful conviction
> of the defendant.  Mr. Brzozowski is the victim of an
> unlawful arrest, unconstitutional unjust and excessive fines,
> violation of Constitutional rights to a fair trial and due
> process to be heard at a de nova [sic] trial and violation of his
> civil rights.

(Doc. No. 1, p. 6).  Mr. Brzozowski makes no other factual allegations relating to

Trooper Kernaghan in his complaint.

Trooper Kernaghan argues that Mr. Brzozowski's claim is barred by the applicable

statute of limitations and I agree.  Rule 12(b) of the Federal Rules of Civil Procedure

"does not specifically provide for the assertion of a statute of limitations defense in a

motion to dismiss," but the Third Circuit will allow the assertion of a statute of

limitations defense in motion to dismiss "if the time alleged in the statement of a claim

shows that the cause of action has not been brought within the statute of limitations."

Byrne v. Cleveland Clinic, 684 F.Supp.2d 641, 656 (E.D. Pa. 2010)(citing Zankel v.

Temple Univ., 245 F.App'x. 196, 198 (3d Cir. 2007)).  Mr. Brzozowski's complaint is

not a model of clarity.  Thus, it is unclear whether Mr. Brzozowski asserts that his

constitutional rights were violated upon receipt of the traffic ticket or upon adjudication

of that traffic ticket.  Regardless, either action falls outside of the applicable statute of

limitations.[10]

---

[10] In his response, Mr. Brzozowski claims that the statute of limitations for his action against Trooper Kernaghan
began to run on June 19, 2013.  This is not an allegation that is made in his complaint.  However, even if it was, it
could not be validated.  The injury which constitutes the cause of action under Mr. Brzozowski's § 1983 claim is
either the traffic ticket or the wrongful conviction before Judge Tobin.  "The discovery rule applies in cases where
the injured party is unable to know that he is injured and to know what caused the injury, despite the exercise of

The traffic citation adjudication record indicates that Trooper Kernaghan issued the traffic citation to Mr. Brzozowski on November 28, 2012.  See Pension Ben. Guar. Corp. v. White Consol. Industries, Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)(holding that "a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."); see also Mayer v. Bellchick, 605 F.3d 223, 230 (3d Cir. 2010)("In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents.").  Mr. Brzozowski appeared in traffic court on January 7, 2013 before Judge Tobin.  Even assuming that Mr. Brzozowski's § 1983 action is based upon a constitutional violation that occurred on January 7, 2013, the applicable statute of limitations for Mr. Brzozowski's § 1983 action is two years and so, Mr. Brzozowski had until January 7, 2015 to file his complaint.  Mr. Brzozowski's complaint was filed on April 27, 2015, nearly 110 days after the expiration of the statute of limitations.  Because the failure to file within the applicable statute of

---

reasonable diligence." Brown v. Buck, 614 F.App'x 590, 593 (3d Cir. 2015).  It is clear that if Mr. Brzozowski is bringing his § 1983 action on the basis of receiving the traffic ticket, Mr. Brzozowski's injury was immediately ascertainable at the moment he received the ticket and the discovery rule would not serve to toll the limitations period.  If Mr. Brzozowski is bringing his § 1983 claim on the basis of the adjudication of the traffic ticket, the discovery rule would still not toll the statute of limitations because of Mr. Brzozowski's failure to exercise reasonable diligence.  "[T]he polestar of the discovery rule is not the plaintiff's actual knowledge of injury, but rather whether the knowledge was known, or through the exercise of reasonable diligence knowable to the plaintiff." Wilson v. King, No. 06-2608, 2010 WL 1071651, *5 (E.D. Pa. Mar. 22, 2010)(citations omitted).  The adjudication of the traffic ticket was finalized on January 7, 2013, and Mr. Brzozowski claims that he did not discover that the adjudication resulted in a wrongful conviction until June 19, 2013.  The same documentation, which the plaintiff provides to demonstrate that the discovery rule applies, indicates that the PTC did not receive the plaintiff's request until June 18, 2013.  The plaintiff did not exercise reasonable diligence in requesting this information after the adjudication of his ticket. Therefore, even if Mr. Brzozowski had alleged in his complaint that the limitations period began on June 19, 2013, the discovery rule would not serve to toll the statute of limitations.

limitations is an incurable defect, I will dismiss Mr. Brzozowski's claim against Trooper

Kernaghan with prejudice.[11]

### 2.    Troop T of the Pennsylvania State Police

I will also construe Mr. Brzozowski's complaint to bring a § 1983 claim against

Troop T of the Pennsylvania State Police.   The sole factual allegation in Mr.

Brzozowski's complaint concerning the harm that he suffered at the hands of Troop T is

that "Defendants Troop T of the PSP and Trooper Kernagan employ VASCAR as means

of proving speeding to local magistrates."  (Doc. No. 1, p. 6).  Defendant Troop T filed

the current motion to dismiss under Rule 12(b)(1), arguing that the Eleventh Amendment

acts to bar Mr. Brzozowski's § 1983 claim against Troop T.

The Eleventh Amendment of the United States Constitution provides as follows:

> The Judicial power of the United States shall not be construed
> to extend to any suit in law or equity commenced or
> prosecuted against any one of the United States by Citizens of
> another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI.  Essentially, the Eleventh Amendment has been

"interpreted to protect an unconsenting state from 'suit in federal court by its own citizens

as well as those of another state.'"  Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690,

694 (3d Cir. 1996)(quoting Pennhurst St. Sch. v. Halderman, 465 U.S. 89 (1984)).

---

[11] Mr. Brzozowski's complaint does not clarify whether he is bringing the suit against Trooper Kernaghan in his official or individual capacity.  Although the statute of limitations bars Mr. Brzozowski's claims against Trooper Kernaghan in either capacity, for the reasons I discuss when addressing Troop T and Governor Corbett's motion to dismiss, the Eleventh Amendment also acts as a jurisdictional bar against Trooper Kernaghan in his official capacity.  Damico v. Harrah's Phila. Casino & Racetrack, No. 14-6091, 2015 WL 731229, *4-5 (E.D. Pa. Feb. 20, 2015)("Eleventh Amendment immunity extends to state agencies, such as the state police, and state officials sued in their official capacities.").

However, two exceptions exist to the protection of the Eleventh Amendment.  First, a state may waive its immunity and consent to suit in federal court.  Id.  Second, Congress may abrogate the States' Eleventh Amendment immunity if it has "unequivocally expresse[d] its intent to" do so and acted 'pursuant to a valid exercise of power." Seminole Tribe of Fla. v. Fla., 517 U.S. 44, 55 (1996).  Absent these two exceptions, the Eleventh Amendment acts to deprive federal courts of subject matter jurisdiction over claims against the State.  Nelson v. Com. of Pa. Dept. of Pub. Welfare, 244 F.Supp.2d 382, 385 (3d Cir. 2002).

In enacting § 1983, Congress did not override a state's Eleventh Amendment immunity.  Quern v. Jordan, 440 U.S. 332, 345 (1979).  Additionally, "Pennsylvania, by statute, has explicitly reserved its right to immunity from suit in federal court."  Urella V. Pa. St. Troopers Ass'n, 628 F.Supp.2d 600, 605 (E.D. Pa. 2008)(citing to 42 Pa.C.S. § 8521(b)).  Accordingly, neither of the relevant exceptions exists here to the protection of the Eleventh Amendment and the Eleventh Amendment bars Mr. Brzozowski's § 1983 claim against Troop T.  I will dismiss Mr. Brzozowski's claims against Troop T with prejudice.

### 3.    Governor Thomas Corbett

It appears that Mr. Brzozowski also brings a § 1983 action against Thomas Corbett in his official capacity as Governor of Pennsylvania.  The only factual allegation contained in Mr. Brzozowski's complaint regarding Mr. Corbett is, as follows:  "The governor is respondeat superior of the agencies and employees of the Commonwealth.

Defendant Governor appoints the head of the State Police and the vacancies on the Turnpike Commission and other duties that he has to perform."  (Doc. No. 1, p. 7).  It is well-settled in the Third Circuit that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*."  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)(citations omitted).  Given that Mr. Brzozowski has failed to allege any specific wrongdoing that he suffered at the hands of Mr. Corbett, the only basis upon which Mr. Brzozowski's claim against Mr. Corbett rests is *respondeat superior*.  Mr. Brzozowski's action cannot be maintained solely on a *respondeat superior* theory of liability.

Even *assuming arguendo* that Mr. Brzozowski's complaint provided an additional factual basis on which to hold Mr. Corbett liable, Mr. Brzozowski's § 1983 claim against Mr. Corbett would still have to be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.  Mr. Brzozowski's complaint indicates that he is suing Mr. Corbett in his official capacity as Governor of Pennsylvania and as discussed above, the Eleventh Amendment acts to deprive federal courts of subject matter jurisdiction over claims against the State and state entities. Twardzik v. Devero, No. 15-00015, 2015 WL 3755243, *2 (E.D. Pa. June 15, 2015)("The Eleventh Amendment bars a suit against state officials sued in their official capacities . . .").  Accordingly, I will grant defendant Thomas Corbett's motion to dismiss with prejudice.

## IV.   CONCLUSION

For the aforementioned reasons, I will grant the Turnpike Defendant's motion to dismiss, Trooper Shawn Kernaghan's motion to dismiss, Thomas Corbett's motion to dismiss and Troop T of the Pennsylvania State Police's motion to dismiss.  The plaintiff's action against William K. Lieberman, A. Michael Pratt, Pasquale T. Deon, Sr., Sean Logan, Barry J. Schoch, Patricia Schlegel, Judy Treaster, Dorothy Ross, Patrick Caro, Jill Davis, David Smith, Lynn Feeman, Trooper Shawn Kernaghan, Troop T of the Pennsylvania State Police and Thomas Corbett is dismissed with prejudice.[12]  I will permit Mr. Brzozowski leave to amend his complaint against the Pennsylvania Turnpike Commission.

An appropriate Order follows.

---

[12]     Federal Rule of Civil Procedure 15(a) holds that "leave [to amend] shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  Although leave to amend should be "given when justice so requires," a district court may deny leave to amend if the amendment would be futile.  Fraser v. Nationwide Mut. Ins. Co., 352 F.3d 107, 116 (3d Cir. 2003)(citations omitted).  "Futility means that the complaint, as amended, would fail to state a claim upon which relief could be granted."  Muchler v. Greenwald, 624 F.App'x 794, 799 (3d Cir. 2015).   "[T]he District Court should apply 'the same standard of legal sufficiency as applies under Rule 12(b)(6).'"  Id. (citing Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000)).  Under this standard, a court must take all the factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and deny leave to amend "only if the plaintiff has alleged no set of facts upon which relief could be granted."  Banks v. Wolk, 918 F.2d 418, 419 (3d Cir. 1990).