## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FRANK T. BRZOZOWSKI** | **: CIVIL ACTION** |
| | : |
| **v.** | **: NO. 15-2339** |
| | : |
| **PENNSYLVANIA TURNPIKE** | : |
| **COMMISION,** *et al.* | : |

## MEMORANDUM

**KEARNEY, J.**                                                                              **November 28, 2018**

A discharged Pennsylvania Turnpike Commission employee allegedly once active in the Philadelphia Democratic Party *pro se* sues his former employer and a wide variety of allegedly affiliated persons[1] arguing they are unjustly enriched by his services. To invoke our limited jurisdiction, he also alleges they: retaliated against him for exercising his First Amendment rights; violated Pennsylvania's Whistleblower Law, the Fair Labor Standards Act, the Fair Pay Act, and the Equal Pay Act; discriminated against him based on national origin, sex and age; and, fired him without due process. Many of his claims are barred by the statute of limitations; others fail for a lack of facts which possibly could be amended in accord with this Memorandum. The Commission and its co-defendants move to dismiss. We grant the motion to dismiss in the accompanying Order dismissing some claims with prejudice and others without prejudice to allow the discharged employee an opportunity to plead timely claims with fact support if possible under governing law and Federal Rule of Civil Procedure 11.

## I.    Facts alleged in Amended Complaint material to the plead claims.[2]

Since 1984 until at least his filing of an Amended Complaint, Frank T. Brzozowski has served as a member of the 31st Ward Democratic Executive Commission.[3] Since 2008, he has served on the Democratic State Committee.[4] Mr. Brzozowski includes on his resume work experience with former Judge Bernard Snyder and the City Commissioners of Philadelphia.[5]

### *Mr. Brzozowski's early years with the Turnpike Commission.*

On May 5, 2003, the Pennsylvania Turnpike Commission (Commission) hired Mr. Brzozowski as a supplemental toll collector. He briefly worked in the IT Department but then returned to his supplemental toll collector position in September 2003.[6]

The Commission does not tell toll collectors the amounts they collect during shifts.[7] If a toll collector incurs a shortage in collecting fares, the Commission first notifies the collector three weeks later and demands a restitution payment by check.[8] The Commission maintained a policy for enforcing toll collectors' shortages: "three shortages in a month constituted a warning letter and within 6 months another warning letter would warrant a 2-day suspension."[9] Mr. Brzozowski claims he could not remember mistakes three weeks later, making it difficult to successfully grieve the resulting disciplinary action.[10] Mr. Brzozowski alleges other unidentified Pennsylvania agencies and businesses collecting cash inform employees of discrepancies at the end of the shift.[11]

### *Mr. Brzozowski's Secondary Employment Request.*

Mr. Brzozowski applied for management positions at the Commission, including positions in the Legal Department.[12] Around December 15, 2010, Ms. Treaster called Mr. Brzozowski into Interchange Manager Frank Gillen's office regarding Mr. Brzozowski's application for a Legal Department position.[13] During the meeting, Ms. Treaster "subjected [Mr. Brzozowski] to disciplinary steps."[14] Ms. Treaster informed Mr. Brzozowski based on his application, she

2

determined he also worked for a real estate broker and he would have to file a Secondary Employment Request with Human Resources.[15]

Around January 10, 2011, Mr. Gillen told Mr. Brzozowski to sign the secondary employment paperwork.[16] Mr. Gillen told Mr. Brzozowski if he did not sign the paperwork, "he would be taken off the payroll and faced termination."[17] Around January 15, 2011, Mr. Gillen commanded Mr. Brzozowski to sign the secondary employment paperwork or face an insubordination violation.[18] On January 19, 2011, Mr. Brzozowski filed a union grievance complaining of the secondary employment policy.[19]

On January 27, 2011, Mr. Brzozowski signed the secondary employment paperwork.[20] On February 17, 2011, District Manager Ronald Duckett held a grievance hearing and subsequently terminated the disciplinary action.[21]

### *Mr. Brzozowski's tenure as executive assistant in the Office of Diversity and Inclusion.*

On March 15, 2011, Mr. Brzozowski published an op-ed in several unnamed Pennsylvania newspapers.[22] Mr. Brzozowski criticized Governor Corbett and his Republican supporters for "trying to privatize the PA Liquor Stores, the PA Lottery and the turnpike, which pumps about \$450 million annually to PennDOT."[23]

Notwithstanding these several challenges and critical op-ed, over a year later on April 17, 2012, the Commission promoted Mr. Brzozowski to Executive Assistant in the Office of Diversity and Inclusion.[24] Around the time he "was tested for Executive Assistant," Mr. Brzozowski applied for an Interchange Manager position but the Commission declined to promote him.[25] The Commission promoted employees Mike Mierzejewski, Eric Paul, and Dennis McClennan to Interchange Manager with salaries of \$61,000 per year.[26] When Mr. Brzozowski learned of his

3

promotion, he thought he heard his new salary was $61,000 per year.[27] During a second phone call, he learned his salary was $50,000 per year and he would have to train for his new position.[28]

Around the time of his promotion, the Commission posted an IT Executive Assistant position.[29] The position was not a policy-making position and did not require political affiliation.[30] Mr. Brzozowski alleges he was qualified for the position but Mses. "Schlegel and Ross arranged . . . conspired and ensured that someone other than Mr. Brzozowski would get the position."[31]

After his promotion, Mr. Brzozowski began taking courses at "PTC University," an in-house educational program.[32] Mr. Brzozowski took these courses "to become more qualified and more efficient at his job," to "improve his clerical skills," to "perform his duties at his position," and to prove "he had the background to perform other positions such as Interchange Manager."[33]

On June 26, 2012, Ms. Ross claimed Mr. Brzozowski made insulting and disparaging remarks, including a condescending comment to Eric Paul, a black interchange manager.[34] Mr. Brzozowski later discovered Ms. Ross commented to Human Resources resulting in the termination of Brian Slade, a black co-worker.[35]

The Office of Diversity and Inclusion handles civil rights issues.[36] Mr. Brzozowski alleges the Office was unpopular with the Commission's eighty-five-percent, white male workforce.[37] In 2012, the Office employed three people with a budget of about $325,000.[38] In 2013, the Office added three employees and its budget increased to $400,000.[39]

As Executive Assistant, Mr. Brzozowski calculated bid recommendations for Commission construction projects to determine if the prime contractor met the 10% "Disadvantaged Business Enterprises" quota.[40] Mr. Brzozowski claims on and before December 11, 2013, he protested when contractors chosen for the project did not meet the 10% quota and the second or third ranked contractor did meet the quota.[41]

4

### *Mr. Brzozowski's termination.*

On December 11, 2013, Ms. Ojo assigned a task to Mr. Brzozowski.[42] Mr. Brzozowski finished the task but could not print a document because co-workers Carmen Rivas and Deborah Carpenter were using the printer.[43] After finally printing, he arrived late to a Microsoft Excel test Ms. Ross conducted.[44] Mr. Brzozowski claims Ms. Ross retaliated against him by failing to give a one-minute warning at the end of the test.[45] Ms. Ross claimed Mr. Brzozowski committed a "violation of workplace violence" during the test.[46]

Mr. Brzozowski attaches an email from Ms. Ross to Ms. Schlegel regarding the Excel test.[47] Ms. Ross wrote Mr. Brzozowski arrived ten minutes late to the test with an Excel manual.[48] When Ms. Ross told him he could not use the Excel manual during the test, Mr. Brzozowski "took the manual and whipped it across the table and gave [Ms. Ross] a terrible glare."[49] Ms. Ross was "very scared."[50] Mr. Brzozowski alleges Ms. Ross lied to "cover-up her corrupt testing, and to conceal a biased selection process."[51] Mr. Brzozowski further alleges Ms. Ross falsely claimed he glared at her and made "threatening" facial expressions during the test.[52] Mr. Brzozowski claims he was merely "trying to focus to see the small words on the computer screen and peering over the top of the glasses frames."[53]

After the test, three unnamed supervisors interviewed Mr. Brzozowski for an HR position.[54] Later that day, Ms. Ross "demonstrated hostile and violent actions with [an] Excel book" and "verbally threatened [Mr. Brzozowski and Ms. Ojo] in Italian."[55] Mr. Brzozowski is of Polish descent.[56]

On December 26, 2013, Ms. Schlegel terminated Mr. Brzozowski for misconduct.[57] Ms. Schlegel listed grounds for termination in a letter, including spending the night at his work area on December 10, 2013 and using the computer system for personal reasons during overnight hours

5

from August to December 2013.[58] Ms. Schlegel also listed the December 11, 2013 Microsoft Excel test when Mr. Brzozowski "threw the Excel manual across the table and glared at [Ms. Ross]."[59] She explained Mr. Brzozowski violated the Workplace Violence Policy by "using threatening gestures and facial grimaces that intimidated another employee at the [Commission]."[60]

### *Mr. Brzozowski's discrimination charge and lawsuit.*

In June 2014, Mr. Brzozowski filed an EEOC Charge of Discrimination against the Commission, swearing:

On May 5, 2003, [the Commission] hired me as a Toll Collector. On April 17, 2012, [the Commission] promoted me into the position of Executive Assistant. I was discharged on December 12, 2013.

On or about October 2013, I discovered that Alice Sebring (Female, Legal Assistant) and Anna Marcella (Female, Legal Secretary) were hired for their respective positions. I was never given the chance to apply to either position because they were not posted. Ms. Sebring and Ms. Marcella were both hired as external candidates. I also applied for Executive Assistant Information Technology on September 26, 2013, and was not selected for that position either. On December 12, 2013, I was suspended and later discharged after I was falsely accused of workplace violence by Dorothy Ross (Human Resources Specialist, Female). Ms. Ross also stated that I threw the manual across the table when I was told I could not use it.

I believe [the Commission] discriminated against me based on my age (58) and retaliation in violation of Age Discrimination in Employment Act, sex (male), national origin (Polish) and in retaliation in violation of Title VII[.][61]

The EEOC responded in January 2015 after reviewing Mr. Brzozowski's charge:

You were hired in 5/03 as a Supplemental Toll Collector, and in 2012 applied for, and were promoted to, Executive Assistant. Regarding the positions of Legal Assistant and Legal Secretary which you could not apply for, the record indicates that both positions were classified as "confidential," and so were not posted internally in accordance with policy.

The evidence indicates that on 12-12-13, your employment was terminated for violations of policy, following an internal investigation. On 12-11-13, the Training and Development Specialist was administering exercises for your interview for a position. She informed you that you were not to use the Excel Manual as a cross reference, at which time she observed that you whipped the manual across the table

and gave her what she considered to be a terrible glare, to the point she was very frightened. This was reported to [the Commission], and an investigation was conducted. The investigation also revealed that you had violated the Electronic Communications Policy regarding computer usage. Accordingly, your employment was terminated for policy violations.[62]

Mr. Brzozowski sued on April 27, 2015. Judge Stengel dismissed his complaint without prejudice to file an amended complaint. Mr. Brzozowski appealed Judge Stengel's dismissal and also filed his Amended Complaint on March 30, 2016.[63] Defendants moved to dismiss the Amended Complaint on April 20, 2016.[64] Mr. Brzozowski moved to stay the case on June 8, 2016 to allow our Court of Appeals to rule on his pending appeal of the dismissal of his original complaint.[65] Judge Stengel denied Mr. Brzozowski's motion to stay and ordered him to respond to the motion to dismiss the Amended Complaint by July 26, 2016.[66] Mr. Brzozowski did not respond. Judge Stengel dismissed the Amended Complaint on August 24, 2016 for Mr. Brzozowski's failure to comply with his Order requiring filing of a response to the motion to dismiss.[67] Mr. Brzozowski appealed this dismissal as well. On June 20, 2018, our court of appeals vacated the August 24, 2016 dismissal Order and remanded the case for further proceedings as to the Amended Complaint.[68] On September 18, 2018, the Chief Judge reassigned this case, and Mr. Brzozowski answered the motion to dismiss on November 20, 2018.[69]

## II.    Analysis[70]

Mr. Brzozowski alleges the Commission and individual Commission Defendants are liable for: (1) First Amendment retaliation; (2) violation of Pennsylvania's Whistleblower Law; (3) violations of the Fair Labor Standards Act, the Fair Pay Act, and the Equal Pay Act, and state law claims for unjust enrichment and quantum meruit stemming from his promotion to Executive Assistant; (4) national origin and sex discrimination under Title VII and the Pennsylvania Human Relations Act; (5) age discrimination under the Age Discrimination in Employment Act; and, (6)

7

termination without due process. Mr. Brzozowski does not allege claims against the police officer Defendants.[71]

Defendants argue the statute of limitations bars the First Amendment retaliation claims or alternatively, Mr. Brzozowski fails to state a claim; the statute of limitations bars Mr. Brzozowski's Pennsylvania whistleblower claim; and Mr. Brzozowski fails to state a claim as to any other theory. The individual Commission Defendants separately argue because Judge Stengel dismissed with prejudice Mr. Brzozowski's discrimination claims against them, we should dismiss those same discrimination claims repeated in the Amended Complaint against them. We agree with Defendants.

## A. We dismiss Mr. Brzozowski's claims under Title VII, the Pennsylvania Human Rights, and the Age Discrimination in Employment Act against the individual Commission Defendants.

Mr. Brzozowski initially alleged discrimination against the Commission and the individual Commission Defendants under Title VII, the Pennsylvania Human Rights Act, and the Age Discrimination in Employment Act. Judge Stengel this initial complaint against the individual Commission Defendants with prejudice.[72] Judge Stengel permitted Mr. Brzozowski to amend his complaint against the Commission only.[73] Our court of appeals affirmed the dismissal of his complaint against the individual Commission Defendants with prejudice.[74]

Disregarding this Court's dismissal of claims with prejudice, as affirmed on appeal, Mr. Brzozowski re-plead his discrimination claims against the Commission and the individual Commission Defendants in his Amended Complaint while adding new claims under the First Amendment, state law, various federal labor and fair pay laws, and the due process clause. Mr. Brzozowski may not re-plead claims against the individual Commission Defendants in his Amended Complaint after Judge Stengel dismissed these claims with prejudice.[75]

8

We dismiss the Title VII, Pennsylvania Human Rights Act, and Age Discrimination in Employment Act claims against the individual Commission Defendants. We analyze Mr. Brzozowski's discrimination claims against the Commission only. We analyze his new claims under the First Amendment, state law, various labor and fair pay laws, and the due process clause against the Commission and the individual Commission Defendants.

## B. Mr. Brzozowski fails to state a claim for First Amendment retaliation.

Mr. Brzozowski alleges under the First Amendment: (1) Ms. Treaster retaliated against him for refusing to sign secondary employment documents, (2) the Commission retaliated against him for his affiliation with the Democratic Party, (3) Commissioners Lieberman, Pratt, Deon, Logan, and Schoch retaliated against him for criticizing Republican privatization ventures, (4) the Commission retaliated against him for assisting minorities in the Office of Diversity and Inclusion, and (5) Mses. Schlegel and Ross retaliated against him for his political party affiliation. We address each claim in turn.

### 1. The statute of limitations bars Mr. Brzozowski's claim against Ms. Treaster for retaliation for refusing to sign secondary employment documents.

Mr. Brzozowski alleges Mr. Gillen "stated that unless [Mr. Brzozowski] sign a secondary employment document declaring the income procured as a notary public, that he would be taken off the payroll and faced termination."[76] Mr. Brzozowski alleges he has a "First Amendment right not to sign documents [he does] not agree with and to exercise and enjoy [his] right to refuse without retaliation."[77] Mr. Brzozowski sues Ms. Treaster alleging she "was Mr. Gillen's superior at Human Resources Department."[78] We construe Mr. Brzozowski's claim as one for First Amendment retaliation. Ms. Treaster argues the statute of limitations bars the claim or alternatively, Mr. Brzozowski fails to state a claim.[79]

9

Mr. Brzozowski brings his First Amendment retaliation claims under § 1983. We apply Pennsylvania's two-year statute of limitation for personal injury actions to his § 1983 claims.[80] The events giving rise to Mr. Brzozowski's claim occurred in 2011. On January 15, 2011, Mr. Gillen threatened to retaliate against Mr. Brzozowski unless he signed the secondary employment documents. Mr. Brzozowski signed the secondary employment documents on January 27, 2011. On February 17, 2011, Mr. Duckett terminated the disciplinary action against Mr. Brzozowski because he signed the documents. Mr. Brzozowski could bring his First Amendment retaliation claim by February 17, 2013. Mr. Brzozowski sued on April 27, 2015. He claimed First Amendment retaliation for the first time in his Amended Complaint on March 30, 2016. Mr. Brzozowski's claim is untimely. Mr. Brzozowski does not argue, and we cannot separately find, a basis for tolling the two-year statute of limitations.

We dismiss Mr. Brzozowski's First Amendment retaliation claim against Ms. Treaster for refusing to sign secondary employment documents.

### 2. The statute of limitations bars Mr. Brzozowski's claim against the Commission for retaliation based on his political affiliation.

Mr. Brzozowski alleges the Commission violated his First Amendment right to free speech and free expression when it "refused to allow [toll] collectors to know their total amount collected at the end of the shifts" due to "[Mr. Brzozowski's] association with the Democratic Party and elected officials."[81] The Commission argues the statute of limitations bars the claim. We liberally read Mr. Brzozowski's claim as one for First Amendment retaliation for his political party affiliation.[82]

We apply Pennsylvania's two-year statute of limitations for personal injury actions to Mr. Brzozowski's § 1983 claim.[83] The Commission promoted Mr. Brzozowski to Executive Assistant in the Office of Diversity and Inclusion on April 17, 2012, at which point he left his toll collector

10

position.[84] Since his claim stems from work as a toll collector, Mr. Brzozowski had until April 17, 2014 at the latest to bring his First Amendment retaliation claim for political party affiliation. Mr. Brzozowski sued on April 27, 2015. Mr. Brzozowski first claimed First Amendment retaliation in his Amended Complaint on March 30, 2016. The statute of limitations bars this claim. Mr. Brzozowski does not argue for tolling and we cannot find a basis to toll the statute of limitations.

We dismiss Mr. Brzozowski's claim for First Amendment political party affiliation retaliation.

### 3. The statute of limitations bars Mr. Brzozowski's claim against the Turnpike Commissioners for retaliation for criticizing Republican privatization ventures.

Mr. Brzozowski alleges Turnpike Commissioners Lieberman, Pratt, Deon, Logan, and Schoch "retaliated against [him] for exercising [his] First Amendment rights to criticize Republican privatization ventures."[85] Mr. Brzozowski alleges the Turnpike Commissioners terminated him in December 2013 because he published an op-ed in March 2011 "criticizing newly elected Governor Corbett and his Republican supporters for trying to privatize the PA Liquor Stores, the PA Lottery and the turnpike."[86] The Commissioners argue the statute of limitations bars the claim for criticizing Republican privatization ventures.

We apply Pennsylvania's two-year statute of limitations for personal injury actions to his § 1983 claim.[87] The Commission terminated Mr. Brzozowski on December 26, 2013. Mr. Brzozowski had to sue for political affiliation retaliation claim by December 26, 2015.

While Mr. Brzozowski filed his initial complaint on April 27, 2015, he did not allege First Amendment retaliation until pleading new facts and events in his March 30, 2016 Amended Complaint. Mr. Brzozowski failed to allege facts concerning his political party affiliation or the op-ed until his Amended Complaint.[88] The statute of limitations will not bar Mr. Brzozowski's

11

First Amendment retaliation claim if it "relates back" to his initial complaint under Federal Rule of Civil Procedure 15.

Mr. Brzozowski's First Amendment claim in his March 30, 2016 Amended Complaint does not "relate back" to his April 27, 2015 initial complaint for statute of limitations purposes. Under Federal Rule of Civil Procedure 15(c)(1)(B), an amendment to the pleading relates back to the date of the original pleading for statute of limitations purposes when the amendment "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."[89] Our court of appeals instructs an amended claim does not relate back when the original pleading fails to give "fair notice of what the plaintiff's [amended] claim is and the grounds upon which it rests."[90]

In *Glover*, the plaintiff sued several banks and a debt collector for violating the Fair Debt Collections Practices Act. The plaintiff later amended the complaint to add a claim against the debt collector under a different provision of the Act and relying on new facts. Our court of appeals explained the amended claim did not relate back for statute of limitations purposes because it did not arise from the "factual occurrences" upon which the plaintiff based the original claim against the debt collector.[91] While the original complaint and the amended claim had "overlapping facts," our court of appeals explained the original complaint failed to give the debt collector notice of the "general fact situation" and the "legal theory" on which the plaintiff relied in the amended claim.[92]

We find Mr. Brzozowski's original complaint fails to give the Turnpike Commissioners fair notice of the new claim. Mr. Brzozowski alleges for the first time in his Amended Complaint he wrote an op-ed criticizing Republican privatization ventures. He failed to allege facts concerning his political party affiliation until his Amended Complaint. Mr. Brzozowski bases a completely new legal theory of First Amendment retaliation on new facts in his Amended

12

Complaint. Mr. Brzozowski failed to give notice in his original complaint of the fact situation and the legal theory relied on in his new First Amendment claim. Mr. Brzozowski's First Amendment retaliation claim does not relate back to the original complaint for statute of limitations purposes.

The statute of limitations bars Mr. Brzozowski's First Amendment retaliation claims against the Turnpike Commissioners for criticizing Republican privatization ventures. Mr. Brzozowski does not argue for tolling and we cannot find a basis to toll the statute of limitations. We dismiss Mr. Brzozowski's claim against the Turnpike Commissioners for retaliation for criticizing Republican privatization ventures.

### 4. Mr. Brzozowski fails to state a claim for First Amendment retaliation for assisting minorities in the Office of Diversity and Inclusion.

Mr. Brzozowski alleges "Defendants . . . retaliated against [him] for exercising [his] First Amendment rights assist[ing] minorities in the Office of Diversity & Inclusion."[93] He alleges he "protested" when prime contractors chosen for Commission contracts rarely "met the 10% [quota for Disadvantaged Business Enterprises], even though the second or third ranked prime contractor occasionally did meet the 10% criteria."[94] Defendants argue Mr. Brzozowski fails to state a claim.

Under § 1983, Mr. Brzozowski must plead (1) a violation of a right protected by the Constitution or laws of the United States and (2) a person acting under the color of state law committed the violation.[95] Mr. Brzozowski must allege personal involvement in the constitutional violation; Mr. Brzozowski cannot allege liability based on *respondeat superior*.[96] To state a claim against an agency, Mr. Brzozowski must allege a policy or custom causing the constitutional violation.[97]

To state a First Amendment retaliation claim, Mr. Brzozowski must allege "(1) that the activity in question is protected by the First Amendment, and (2) that the protected activity was a substantial factor in the alleged retaliatory action."[98]

13

While Mr. Brzozowski alleges he "protested" when prime contractors chosen for projects did not meet the 10% DBE quota and was "wrongfully terminated" as a result, he fails to allege facts showing his "protest" was a substantial factor in his termination. Mr. Brzozowski does not allege to whom he protested, let alone whether anyone heard his protests. He alleges no facts showing personal involvement in the deprivation of rights. Mr. Brzozowski fails to allege the Commission implemented a policy or custom causing the deprivation.

In his response to the motion to dismiss, Mr. Brzozowski alleges he reported objections "to his supervisor who was overruled by attorneys in the law department."[99] We cannot consider new facts alleged for the first time in a response to a motion to dismiss.[100] Even considering the new allegation, Mr. Brzozowski fails to identify these actors. Mr. Brzozowski fails to state a claim for First Amendment retaliation for assisting minorities in the Office of Diversity and Inclusion. We allow Mr. Brzozowski one last leave to timely amend his complaint to attempt to plead this claim consistent with Federal Rule of Civil Procedure 11.

### 5. Mr. Brzozowski fails to state a claim against Mses. Schlegel and Ross for retaliation for preventing him from interviewing for the IT Department.

Mr. Brzozowski alleges Mses. Schlegel and Ross "arranged scheduling, conspired and ensured that someone else other than Mr. Brzozowski would get the [IT Department] position."[101] He alleges the position "was not a policy making position and did not require political affiliation."[102] He alleges because of Mses. Schlegel and Ross's conduct, he "was retaliated against politically and fired before being able to interview for the IT Department."[103] Mses. Schlegel and Ross argue Mr. Brzozowski fails to state a claim.

Mr. Brzozowski alleges First Amendment retaliation for political party affiliation. To state a claim, Mr. Brzozowski must allege "(1) that [he] was employed at a public agency in a position that does not require political affiliation; (2) that [he] engaged in First Amendment protected

14

conduct; and (3) that [his] constitutionally-protected conduct was a substantial or motivating factor for an adverse employment action."[104]

While he alleges the Commission employed him and did not require a political affiliation for the IT Department job, Mr. Brzozowski fails to allege facts showing his political party affiliation was a substantial or motivating factor in denial of an interview. Mr. Brzozowski fails to allege Ms. Schlegel and Ms. Ross knew his political affiliation. Besides the conclusion he "was retaliated against politically," Mr. Brzozowski fails to allege facts from which we can infer Mses. Schlegel and Ross retaliated against him because of his political affiliation. We dismiss Mr. Brzozowski's claim for First Amendment retaliation against Mses. Schlegel and Ross but allow him one last leave to timely amend his complaint to attempt to plead this claim consistent with Federal Rule of Civil Procedure 11.

We dismiss Mr. Brzozowski's First Amendment retaliation claims for (1) refusing to sign secondary employment documents, (2) his political affiliation with the Democratic Party, (3) criticizing Republican privatization ventures, and (4) assisting minorities in the Office of Diversity and Inclusion, and (5) preventing him from interviewing for an IT position.

We grant Mr. Brzozowski one last leave to amend his retaliation claims against (1) the Commission for assisting minorities and (2) Mses. Schlegel and Ross for preventing him from interviewing for an IT position.

## C. Mr. Brzozowski's whistleblower claim is untimely.

Mr. Brzozowski claims the Commission violated the Pennsylvania Whistleblower Law.[105] Mr. Brzozowski alleges his "firing was in retaliation for his objections to the prime contractors receiving contracts without attain[ing] the 10% DBE quotas."[106] The Commission argues the statute of limitations bars the claim.

15

"[N]o employer may discharge, threaten, or otherwise discriminate or retaliate against an employee . . . [who] makes a good faith report . . . to the employer or appropriate authority [of] an instance of wrongdoing or waste by a public body or an instance of waste by any other employer as defined in this act."[107] "A person who alleges a violation of this act may bring a civil action in a court of competent jurisdiction for appropriate injunctive relief or damages, or both, within 180 days after the occurrence of the alleged violation."[108]

Mr. Brzozowski alleges he protested about the DBE quotas "on and before December 11, 2013."[109] The Commission terminated Mr. Brzozowski on December 26, 2013.[110] Mr. Brzozowski had until June 24, 2014 to bring this claim. Mr. Brzozowski sued on April 27, 2015. Mr. Brzozowski's claim is untimely. Mr. Brzozowski does not argue for tolling and we cannot find a basis to toll the statute of limitations. We dismiss Mr. Brzozowski's whistleblower claim.

### D. Mr. Brzozowski fails to state a claim against the Commission under the Fair Labor Standards Act, the Equal Pay Act, or the Fair Pay Act, or for unjust enrichment or quantum meruit.

Mr. Brzozowski alleges the Commission violated the Fair Labor Standards Act, the Equal Pay Act, and the Fair Pay Act stemming from his promotion to Executive Assistant. Mr. Brzozowski also asserts state law claims for unjust enrichment and quantum meruit. Mr. Brzozowski claims "[a]bout the time [he] was tested for Executive Assistant, [he] was interviewed but not hired for Interchange Manager."[111] He further alleges around the same time, "Mike Mierzejewski, Eric Paul, and Dennis McClennan were promoted to [Interchange Manager] for $61K/year."[112] When he was hired as Executive Assistant, "he thought he heard in his phone call that his salary would be $61K/year."[113] He later discovered he "would have to undergo training, and until he was trained he will start at $50K/year."[114] Mr. Brzozowski then "started attending in-house courses to become more qualified and more efficient at his job," to "improve his clerical

16

skills," to "perform his duties at his position," and to prove "he had the background to perform other positions such as Interchange Manager."[115] In 2012, the Office of Diversity and Inclusion's budget was $325,000 for three employees and in 2013, the Office added three employees and its budget increased to $400,000.[116] Mr. Brzozowski bases his Fair Labor Standards Act, Equal Pay Act, and Fair Pay Act claims, and his state law claims for unjust enrichment and quantum meruit on these allegations. We address each in turn.

### 1. Mr. Brzozowski fails to state a claim under the Fair Labor Standards Act.

Mr. Brzozowski fails to allege which portion of the Fair Labor Standards Act we should review. He does not allege the Commission failed to pay him overtime wages or minimum wage. He does not allege the Commission retaliated against him because he engaged in activity protected under the Act. We have no basis to allow a Fair Labor Standards Act claim to proceed. We dismiss Mr. Brzozowski's claim under the Fair Labor Standards Act but grant him leave to timely amend his complaint to attempt to plead this claim consistent with Federal Rule of Civil Procedure 11.

### 2. Mr. Brzozowski fails to state a claim under the Equal Pay Act.

Mr. Brzozowski alleges the Commission violated the Equal Pay Act. The Commission argues Mr. Brzozowski fails to state a claim.

Congress prohibits employers from "discriminat[ing] between employees on the basis of sex by paying wages to employees . . . at a rate less than the rate at which he pays wages to employees of the opposite sex . . . for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions."[117] To state a claim, Mr. Brzozowski must allege "employees of the opposite sex were paid differently for performing 'equal work'—work of substantially equal skill, effort and responsibility, under similar working conditions."[118]

17

Mr. Brzozowski fails to state a claim under the Equal Pay Act. Mr. Brzozowski fails to allege the Commission paid employees of the opposite sex differently. Mr. Brzozowski also fails to allege he performed work equal to the Interchanger Managers' work. In his response to the motion to dismiss, Mr. Brzozowski alleges he "got paid lower than other female executive assistants with less time."[119] We cannot consider new facts alleged for the first time in a response.[120] Even if we consider this allegation, courts have held such bare pleading insufficient to state a claim.[121] We dismiss Mr. Brzozowski's Equal Pay Act claim with leave to amend if he can do so consistent with Federal Rule of Civil Procedure 11.

### 3. Mr. Brzozowski fails to state a claim under the Fair Pay Act.

Mr. Brzozowski claims the Commission violated the Fair Pay Act. The Commission argues Mr. Brzozowski fails to state a claim under the Act.

Under Title VII, Congress prohibits employers from "fail[ing] or refus[ing] to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."[122] With the Fair Pay Act, Congress added:

[A]n unlawful employment practice occurs, with respect to discrimination in compensation in violation of this subchapter, when a discriminatory compensation decision or other practice is adopted, when an individual becomes subject to a discriminatory compensation decision or other practice, or when an individual is affected by application of a discriminatory compensation decision or other practice, including each time wages, benefits, or other compensation is paid, resulting in whole or in part from such a decision or other practice.[123]

Congress enacted the Fair Pay Act to "reinstate the law regarding the timeliness of pay compensation claims" to allow the statute of limitations to accrue with "each paycheck that stems from a discriminatory compensation decision or pay structure."[124] The Fair Pay Act does not apply

18

when the plaintiff has not alleged wage discrimination.[125] Our court of appeals decided "the [Fair Pay Act] does not apply to failure-to-promote claims."[126]

Mr. Brzozowski's Fair Pay Act claim fails because he fails to allege wage discrimination. Mr. Brzozowski compares his salary to three other male employees promoted to a different position. While Mr. Brzozowski alleges his national origin, he fails to these employees' national origins. Assuming Mr. Brzozowski alleges failure to promote, he cannot bring such claim under the Fair Pay Act.[127] We dismiss Mr. Brzozowski's Fair Pay Act claim with leave to amend if he can do so consistent with Federal Rule of Civil Procedure 11.

### 4. Mr. Brzozowski fails to state a claim for unjust enrichment or quantum meruit.

Mr. Brzozowski alleges unjust enrichment against the Commission for "keeping [him] at a low salary."[128] Mr. Brzozowski also alleges quantum meruit "where the firing prohibited [him] from recouping the pay increases expected after taking training courses."[129] The Commission argues the statute of limitations bars these claims or alternatively, Mr. Brzozowski fails to state a claim.

The statute of limitations for unjust enrichment and quantum meruit claims under Pennsylvania law is four years.[130] Mr. Brzozowski claims he unjustly enriched the Commission by his work after it terminated him in December 2013 before he received a pay increase. Mr. Brzozowski first alleged unjust enrichment in his Amended Complaint on March 30, 2016. The statute of limitations does not bar these claims.

Under Pennsylvania law, Mr. Brzozowski must allege the same elements for quantum meruit and unjust enrichment.[131] Mr. Brzozowski must allege (1) he conferred benefits on the Commission, (2) the Commission appreciated the benefits, (2) the Commission accepted and retained the benefits "under such circumstances that it would be inequitable for defendant to retain

19

the benefit without payment of value."[132] Mr. Brzozowski "must show that the party against whom recovery is sought either wrongfully secured or passively received a benefit that would be unconscionable for the party to retain without compensating the provider."[133]

As for Mr. Brzozowski and any other employee, an employee must allege he did "more than work to the best of his abilities for defendant as he was engaged to do."[134]

Mr. Brzozowski fails to state a claim for either unjust enrichment or quantum meruit. He claims because the Commission fired him before he completed training, the Commission denied him the pay increase he expected after completion. He acknowledges he took in-house courses to become "more efficient at his job" and to "perform his duties at his position."[135] Mr. Brzozowski essentially asserts he improved his own job skills, so he could "work to the best of his abilities." Mr. Brzozowski does not allege he paid for the in-house courses or the Commission failed to compensate him for time spent taking the courses.

We see no facts from which we can infer Mr. Brzozowski conferred benefits on the Commission sufficient to state a claim for unjust enrichment or quantum meruit. We dismiss Mr. Brzozowski's claims for unjust enrichment and quantum meruit with leave to amend if he can do so consistent with Federal Rule of Civil Procedure 11.

### E. Mr. Brzozowski fails to state a claim against the Commission under Title VII, the Pennsylvania Human Rights Act, or the Age Discrimination in Employment Act.

Mr. Brzozowski alleges the Commission discriminated against him based on his national origin, sex, and age. The Commission argues Mr. Brzozowski fails to state a claim. We agree with the Commission.

20

**1. Mr. Brzozowski fails to state a claim for national origin discrimination under Title VII or the Pennsylvania Human Rights Act.[136]**

Mr. Brzozowski alleges national origin discrimination in his termination and possibly—under a most liberal interpretation—a hostile work environment. He alleges on December 11, 2013, Ms. Ross "verbally threatened both [Mr. Brzozowski and Ms. Ojo] in Italian, a discriminatory act derogatory to Mr. Brzozowski of Polish Descent and an act of national origin discrimination."[137] He further alleges as a "result of Defendants' conduct . . . [Mr. Brzozowski] was wrongfully terminated."[138] The Commission argues Mr. Brzozowski fails to state a claim for wrongful termination and cannot plead a hostile work environment claim alleging a single instance of discrimination. Mr. Brzozowski also fails to plead his national origin as either Poland or the United States or how a person speaking Italian in his presence is discrimination.

Under Title VII, an employer may not "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."[139] To state a claim for hostile work environment, Mr. Brzozowski must allege: (1) he suffered intentional discrimination because of his national origin; (2) the discrimination was severe and pervasive; (3) the discrimination detrimentally affected him; (4) the discrimination would detrimentally affect a reasonable person of the same national origin; and (5) the existence of respondeat superior liability.[140] A single isolated incident, unless extremely serious, is not sufficient to sustain a hostile work environment claim.[141]

We fail to see how an employee's single threat in Italian constitutes discrimination against Mr. Brzozowski based on his Polish heritage but allegedly American national origin. As Mr. Brzozowski fails to allege what Ms. Ross said, we cannot determine the severity of the statement or whether Mr. Brzozowski suffered intentional discrimination because of his Polish heritage. Mr.

21

Brzozowski also fails to allege the discrimination detrimentally affected him and the discrimination would detrimentally affect a reasonable person of Polish origin.

In his response to the motion to dismiss, Mr. Brzozowski argues the Commission subjected him to more than one instance of discrimination, including Mr. Gillen forcing him to fill out the secondary employment application and Ms. Ross's complaint Mr. Brzozowski made disparaging comments to a black co-worker.[142] But these facts do not show discrimination based on Mr. Brzozowski's Polish heritage.

Mr. Brzozowski alleges as a "result of Defendants' conduct . . . [Mr. Brzozowski] was wrongfully terminated."[143] To the extent Mr. Brzozowski claims wrongful termination under Title VII, he must allege: "(1) [he] is a member of a protected class; (2) [he] is qualified for her position; (3) an adverse employment action was taken against [him]; and (4) that employer treated similarly situated persons from a different class more favorably, raising an inference of discrimination."[144]

Mr. Brzozowski fails to raise an inference of discrimination. While he alleges his national origin, he fails to allege the Commission treated similarly situated employees from a different class more favorably. We dismiss Mr. Brzozowski's national origin discrimination claims for wrongful termination and hostile work environment without prejudice to allow him to timely plead facts under Federal Rule of Civil Procedure 11.

### 2. Mr. Brzozowski fails to state a claim for sex discrimination under Title VII or the Pennsylvania Human Rights Act.[145]

Mr. Brzozowski alleges the Commission discriminated against him based upon his sex. He claims he "applied for positions that are historically held by women and he was discriminated for his sex."[146] Mr. Brzozowski alleges no other facts supporting a claim for sex discrimination. The Commission argues Mr. Brzozowski fails to state a claim.

22

Mr. Brzozowski refers to a claim for "reverse discrimination."[147] To state a claim, Mr. Brzozowski must allege (1) "[he] was qualified for the position in question, (2) [he] suffered an adverse employment action, and (3) the evidence is adequate to create an inference that the adverse employment action [or less favorable treatment] was based on a trait protected by Title VII."[148]

Mr. Brzozowski fails to allege facts from which we can infer sex discrimination. He attaches his EEOC Charge of Discrimination:

> On or about October 2013, I discovered that Alice Sebring (Female, Legal Assistant) and Anna Marcella (Female, Legal Secretary) were hired for their respective positions. I was never given the chance to apply to either position because they were not posted. Ms. Sebring and Ms. Marcella were both hired as external candidates. I also applied for Executive Assistant Information Technology on September 26, 2013, and was not selected for that position either.[149]

Mr. Brzozowski also attaches the EEOC's response:

> You were hired in 5/03 as a Supplemental Toll Collector, and in 2012 applied for, and were promoted to, Executive Assistant. Regarding the positions of Legal Assistant and Legal Secretary which you could not apply for, the record indicates that both positions were classified as "confidential," and so were not posted internally in accordance with policy.[150]

Mr. Brzozowski fails to state a claim for sex discrimination. Mr. Brzozowski merely concludes the Commission discriminated against him. As Judge Stengel noted, the EEOC letter undermines Mr. Brzozowski's claim, as the EEOC concluded Mr. Brzozowski could not apply for the Legal Secretary and Legal Assistant positions because the Commission posted the positions for external candidates under a Commission policy. The Commission treated all employees, men and women, the same by posting the job only for non-employees. We dismiss Mr. Brzozowski's claims for sex discrimination with leave to amend if he can do so consistent with Federal Rule of Civil Procedure 11.[151]

23

### 3. Mr. Brzozowski fails to state a claim for age discrimination.

Mr. Brzozowski claims the Commission discriminated against him because of his age. Mr. Brzozowski generally alleges he is "a member of protective class at 58 years old under ADEA."[152] Mr. Brzozowski also alleges "at the time of his latest employment [he] was 58 years old and was subjected to age discrimination."[153] The Commission argues Mr. Brzozowski fails to state a claim.

An employer cannot "fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age."[154] To state a claim for age discrimination, Mr. Brzozowski must allege: "(1) he is older than 40; (2) he applied for and was qualified for the position; (3) he suffered an adverse [employment] action; and (4) he was replaced by a sufficiently younger person to support the inference of age discrimination."[155]

Mr. Brzozowski pleads no facts giving rise to an inference of age discrimination. While Mr. Brzozowski alleges adverse employment actions including a failure to promote and his termination, he fails to allege the Commission replaced him with a younger person. Mr. Brzozowski concludes he was "subjected to age discrimination," but he cannot state a claim with a mere conclusion.[156]

In his response to the motion, Mr. Brzozowski argues he "was discriminated against by the hiring of many younger employees in the Human Relations Department."[157] We cannot consider new facts presented for the first time in response.[158] Even considering this argument, Mr. Brzozowski fails to allege the positions, whether he applied for these positions, his age when he applied, and the ages of the employees hired and their positions. Mr. Brzozowski's general conclusion does not suffice. We grant the Commission's motion to dismiss Mr. Brzozowski's

claim for age discrimination with leave to amend if he can do so consistent with Federal Rule of Civil Procedure 11.

## F. Mr. Brzozowski fails to state a due process claim.

Mr. Brzozowski alleges Ms. Schlegel deprived him of due process. Mr. Brzozowski alleges "[i]n a letter dated December 26, 2013, Patricia F. Schlegel, Director of Human Resources, without evidence and proper due process Constitutional rights terminated [him] for misconduct."[159] Ms. Schlegel argues Mr. Brzozowski had no property interest in his employment.

Under the Fourteenth Amendment, no state shall "deprive any person of life, liberty, or property, without due process of law."[160] To state a claim for deprivation of procedural due process, Mr. Brzozowski must allege "(1) he was deprived of an individual interest included within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'"[161]

Procedural due process applies "only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property."[162] State law determines whether Mr. Brzozowski has a property interest in his employment.[163] "To have a property interest in a job . . . a person must have more than a unilateral expectation of continued employment; rather, she must have a legitimate entitlement to such continued employment."[164]

Under Pennsylvania law, Mr. Brzozowski can claim a property interest in his employment under a statute or contract.[165] A public employee in Pennsylvania is an employee-at-will, in other words, he "serves at the pleasure of her employer and thus has no legitimate entitlement to continued employment."[166]

Mr. Brzozowski fails to allege a property interest in his employment. As a public employee, the Commission could terminate Mr. Brzozowski at will. He fails to allege a statute or a contract

25

granting him a property interest. Mr. Brzozowski fails to state a claim for deprivation of due process. We dismiss Mr. Brzozowski's due process claim.

### III. Conclusion

We grant Defendants' motion to dismiss Mr. Brzozowski's Amended Complaint. We grant the motion of William K. Lieberman, A. Michael Pratt, Pasquale T. Deon, Sr., Sean Logan, Barry J. Schoch, Judy Treaster, Patrick Caro, Jill Davis, David Smith, and Lynn Feeman with prejudice. We grant Defendants' to dismiss without prejudice and grant Mr. Brzozowski leave to timely amend only his: (1) First Amendment retaliation claim against the Commission for assisting minorities; (2) First Amendment retaliation claim against Patricia Schlegel and Dorothy Ross for preventing him from interviewing for the IT position; (3) Fair Labor Standards Act, Equal Pay Act, Fair Pay Act, quantum meruit, and unjust enrichment claims against the Commission; and, (4) national origin, sex, and age discrimination claims against Commission.

We dismiss claims against the Pennsylvania State Police, Corporal Kernaghan, and Governor Corbett without prejudice. As our court of appeals found, Mr. Brzozowski's claims against these parties will not accrue unless and until his underlying traffic conviction is invalidated.

---

[1] William K. Lieberman, A. Michael Pratt, Pasquale T. Deon, Sean Logan, Barry J. Schoch, Patricia Schlegel, Judy Treaster, Dorothy Ross, Patrick Caro, Jill Davis, David Smith, Lynn Feeman (the individual Commission Defendants); Although not directly affiliated with the Commission, the *pro se* Plaintiff also names Thomas W. Corbett, "Troop T" of the Pennsylvania State Police, and Cpl. Shawn Kernaghan (the police defendants).

[2] While Mr. Brzozowski alleges a rambling disjointed history of complaints regarding his employment with the Pennsylvania Turnpike Commission and its political views and practices in the amended complaint, his remaining claims arise from a relatively limited number of plead facts.

[3] ECF Doc. No. 38 at ¶ 36. Due to review in our court of appeals, we are today reviewing facts plead as of a March 30, 2016 Amended Complaint. We are not aware of Mr. Brzozowski's present affiliations.

[4] *Id.*

[5] *Id.* at ¶ 79.

[6] *Id.* at ¶¶ 42, 44.

[7] *Id.* at ¶ 58.

[8] *Id.*

[9] *Id.* at ¶ 56.

[10] *Id.* at ¶ 59.

[11] *Id.* at ¶ 60.

[12] *Id.* at ¶ 63.

[13] *Id.* at ¶ 64. Mr. Brzozowski did not name Mr. Gillen as a defendant.

[14] *Id.* at ¶ 65.

[15] *Id.* at Ex. AM-34.

[16] *Id.* at ¶¶ 66-67.

[17] *Id.* at ¶ 67.

[18] *Id.* at ¶ 68.

[19] *Id.* at ¶ 70; Ex. AM-37.

[20] *Id.* at ¶ 69.

[21] *Id.* at ¶ 71.

[22] *Id.* at ¶ 75.

[23] *Id.*

[24] *Id.* at ¶¶ 77, 85.

[25] *Id.* at ¶ 101.

[26] *Id.* at ¶ 102.

[27] *Id.* at ¶ 103.

[28] *Id.* at ¶ 104.

[29] *Id.* at ¶ 87.

[30] *Id.* at ¶ 88.

[31] *Id.* at ¶ 89.

[32] *Id.* at ¶ 107.

[33] *Id.* at ¶¶ 105-06.

[34] *Id.* at ¶ 125.

[35] *Id.* at ¶ 126.

[36] *Id.* at ¶ 110.

[37] *Id.*

[38] *Id.* at ¶ 111.

[39] *Id.* at ¶ 112.

[40] *Id.* at ¶ 127.

[41] *Id.* at ¶ 128.

[42] *Id.* at ¶ 129.

[43] *Id.* at ¶ 130.

[44] *Id.* at ¶ 131.

[45] *Id.*

[46] *Id.* at ¶ 135.

[47] *Id.* at Ex. AM-25.

[48] *Id.*

[49] *Id.*

[50] *Id.*

[51] *Id.* at ¶ 135.

[52] *Id.* at ¶¶ 132, 137.

[53] *Id.* at ¶ 137.

[54] *Id.* at ¶ 134.

[55] *Id.* at ¶ 136.

[56] *Id.*

[57] *Id.* at ¶ 5.

[58] *Id.* at Ex. AM-28.

[59] *Id.*

[60] *Id.*

[61] *Id.* at Ex. AM-7.

[62] *Id.* at Ex. AM-2.

[63] ECF Doc. No. 38.

[64] ECF Doc. No. 41.

[65] ECF Doc. No. 42.

[66] ECF Doc. No. 43.

[67] ECF Doc. No. 44.

[68] *Brzozowski v. Pennsylvania Tpk. Comm'n*, No. 16-3706, 2018 WL 3057002, at *4 (3d Cir. June 20, 2018).

[69] ECF Doc. Nos. 56, 65.

[70] When considering a motion to dismiss "[w]e accept as true all allegations in the plaintiff's complaint as well as all reasonable inferences that can be drawn from them, and we construe them in a light most favorable to the non-movant." *Tatis v. Allied Insterstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010)). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing *Twombly*, 550 U.S. at 556). Our Court of Appeals requires us to apply a three-step analysis under a 12(b)(6) motion: (1) "it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim;'" (2) "it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 675, 679).

[71] Mr. Brzozowski did not sue Pennsylvania State Police Troop, Corporal Kernaghan, and Governor Corbett in his Amended Complaint. Mr. Brzozowski failed to remove these defendants from his April 27, 2015 initial complaint, which contained allegations of police misconduct against these three defendants (the police misconduct defendants). On February 25, 2016, Judge Stengel dismissed claims against the Pennsylvania State Police, Corporal Kernaghan, and Governor Corbett with prejudice. ECF Doc. No. 34 at p. 24. Our court of appeals affirmed, while modifying the judgment as a dismissal without prejudice. *Brzozowski v. Pennsylvania Tpk. Comm'n*, No. 16-3706, 2018 WL 3057002 (3d Cir. June 20, 2018). Our court of appeals recognized Mr. Brzozowski's claims against the Pennsylvania State Police, Corporal Kernaghan, and Governor Corbett have not yet accrued and will not accrue unless his conviction is invalidated. *Id.* In his Amended Complaint, Mr. Brzozowski fails to allege facts which may allow us to find these claims have accrued. We dismiss the Pennsylvania State Police, Corporal Kernaghan, and Governor Corbett from the case without prejudice. Mr. Brzozowski may bring these claims if and when they accrue.

[72] ECF Doc. No. 34 at p. 24 (memorandum); ECF Doc. No. 35 ¶ 3 (order).

[73] ECF Doc. No. 34 at p. 24; ECF Doc. No. 35 at p. 1.

[74] *Brzozowski*, 2018 WL 3057002, at *2 (modifying the dismissal of the initial complaint against the police misconduct defendants to reflect "they are dismissed without prejudice" and "otherwise affirm[ing] the District Court's dismissal of Brzozowski's initial complaint," noting "Mr. Brzozowski failed to allege facts raising a plausible inference of discrimination").

[75] *Am. Civil Liberties Union v. Mukasey*, 534 F.3d 181, 187 (3d Cir. 2008) ("[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."); *Davis v. Williamson*, No. 08-2009, 2009 WL 136815, at *5 (M.D. Pa. Jan. 20, 2009) (dismissing amended complaint after the plaintiff re-plead claims from his initial complaint the court dismissed with prejudice).

[76] ECF Doc. No. 38 ¶ 67. We note Mr. Brzozowski did not name Mr. Gillen as a defendant.

[77] *Id.* at ¶ 74.

[78] *Id.* at ¶ 72.

30

[79] *Douglas v. Joseph*, 656 F. App'x 602, 605 (3d Cir. 2016) ("A statute-of-limitations defense may be raised by a Rule 12(b)(6) motion if the limitations bar is apparent on the face of the complaint.").

[80] *Roseberry v. City of Philadelphia*, No. 14-2814, 2016 WL 826825, at *7 (E.D. Pa. Mar. 3, 2016), *aff'd*, 716 F. App'x 89 (3d Cir. 2017) (applying Pennsylvania's two-year statute of limitations to the plaintiff's First Amendment retaliation claim).

[81] ECF Doc. No. 38 ¶ 62.

[82] As Mr. Brzozowski proceeds *pro se*, we construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).

[83] *Roseberry*, 2016 WL 826825, at *7.

[84] ECF Doc. No. 38 ¶ 85.

[85] *Id.* at ¶ 117.

[86] *Id.* at ¶ 75.

[87] *Roseberry*, 2016 WL 826825, at *7.

[89] Fed. R. Civ. P. 15(c)(1)(B).

[90] *Glover v. F.D.I.C.*, 698 F.3d 139, 146 (3d Cir. 2012).

[91] *Id.*

[92] *Id.* at 147.

[93] ECF Doc. No. 38 ¶ 92.

[94] *Id.* at ¶ 128.

[95] *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000).

[96] *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 537 n.3 (1981)).

[97] *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 584 (3d Cir. 2003).

[98] *Hill v. Borough of Kutztown*, 455 F.3d 225, 241 (3d Cir. 2006).

[99] ECF Doc. No. 65 at p. 9.

[100] *Hammond*, 2001 WL 823637, at *2.

[101] ECF Doc. No. 38 ¶ 89.

[102] *Id.* at ¶ 87.

[103] *Id.* at ¶ 90.

[104] *Lozano v. Martinez*, No. 12-4329, 2013 WL 1285416, at *3 (D.N.J. Mar. 26, 2013) (quoting *Montone v. City of Jersey City*, 709 F.3d 181, 189 (3d Cir. Mar.8, 2013)).

[105] 43 P.S. § 1421.

[106] ECF Doc. No. 38 ¶ 96.

[107] *Eaves-Voyles v. Almost Family, Inc.*, 198 F. Supp. 3d 403, 407 (M.D. Pa. 2016) (quoting 43 P.S. § 1423(a)).

[108] 43 P.S. § 1424(a).

[109] ECF Doc. No. 38 ¶ 128.

[110] *Id.* at ¶ 5.

[111] *Id.* at ¶ 101.

[112] *Id.* at ¶ 102.

[113] *Id.* at ¶ 103.

[114] *Id.* at ¶ 104.

[115] *Id.* at ¶¶ 105-06.

[116] *Id.* at ¶¶ 111-12.

[117] 29 U.S.C. § 206(d).

[118] *Stanziale v. Jargowsky*, 200 F.3d 101, 107 (3d Cir. 2000) (citing 29 U.S.C. § 206(d)).

[119] ECF Doc. No. 65 at p. 11.

[120] *Hammond*, 2001 WL 823637, at *2.

[121] *See, e.g.*, *Gumbs v. Delaware Dep't of Labor*, No. 15-00190, 2015 WL 3793539, at *3 (D. Del. June 17, 2015) (granting motion to dismiss when plaintiff merely alleges "she has performed the

same duties and that her position has required the same skill, effort, and responsibility as her male co-worker while being paid less than him.").

[122] 42 U.S.C. § 2000e-2(a)(1).

[123] *Id.* at § 2000e-5(e)(3)(A).

[124] *Funayama v. Nichia Am. Corp.*, No. 12-5406, 2014 WL 1013484, at *4 (E.D. Pa. Mar. 14, 2014), *aff'd*, 582 F. App'x 100 (3d Cir. 2014) (quoting *Noel v. The Boeing Co.*, 622 F.3d 266, 271 (3d Cir. 2010)).

[125] *Aubrey v. City of Bethlehem, Fire Dep't*, 466 F. App'x 88, 94 (3d Cir. 2012) ("[T]he Leadbetter Act does not apply, and therefore cannot excuse a time barred claim, when a plaintiff has not alleged wage discrimination.").
[126] *Noel*, 622 F.3d at 273.

[127] *Id.*

[128] ECF Doc. No. 38 ¶ 113.D.

[129] *Id.* at ¶ 113.E.

[130] *Holmes v. Smith*, 94 F. App'x 905, 907 (3d Cir. 2004) (quantum meruit); *Segal v. Zieleniec*, No. 13-7493, 2015 WL 1344769, at *3 (E.D. Pa. Mar. 24, 2015) (unjust enrichment).

[131] *Burton Imaging Grp. v. Toys "R" Us, Inc.*, 502 F. Supp. 2d 434, 440 (E.D. Pa. 2007).

[132] *McGoldrick v. TruePosition, Inc.*, 623 F. Supp. 2d 619, 624 (E.D. Pa. 2009) (quoting *AmeriPro Search, Inc. v. Fleming Steel Co.*, 787 A.2d 988, 991 (Pa. Super. Ct. 2001).

[133] *Bowden v. DB Schenker*, 693 F. App'x 157, 160 (3d Cir. 2017) (citing *McGoldrick*, 623 F. Supp. 2d at 624) (dismissing at-will employee's claim for unjust enrichment when she received a salary for work performed).

[134] *McGuckin v. Brandywine Realty Tr.*, 185 F. Supp. 3d 600, 607-08 (E.D. Pa. 2016).

[135] ECF Doc. No. 38 ¶ 105-06.

[136] We apply the same analysis for Mr. Brzozowski's Title VII and Pennsylvania law claims. "Claims under the PHRA are interpreted coextensively with Title VII claims." *Clair v. Agusta Aerospace Corp.*, 592 F. Supp. 2d 812, 818 (E.D. Pa. 2009) (quoting *Atkinson v. LaFayette Coll.*, 460 F.3d 447, 454 (3d Cir. 2006)). We apply our holding on national origin discrimination to Mr. Brzozowski's Title VII and Pennsylvania law claims.

[137] ECF Doc. No. 38 ¶ 136.

[138] *Id.* at ¶ 138.

[139] 42 U.S.C. § 2000e-2(a)(1).

[140] *Davis v. City of Newark*, 285 F. App'x 899, 902 (3d Cir. 2008).

[141] *Caver v. City of Trenton*, 420 F.3d 243, 262 (3d Cir. 2005).
[142] ECF Doc. No. 65 at p. 5.

[143] ECF Doc. No. 38 ¶ 138.

[144] *Fortes v. Boyertown Area Sch. Dist.*, No. 12-6063, 2014 WL 3573104, at *8 (E.D. Pa. July 18, 2014) (citing *Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003)).

[145] We apply the same analysis for Mr. Brzozowski's Title VII and Pennsylvania law claims. "Claims under the PHRA are interpreted coextensively with Title VII claims." *Clair*, 592 F. Supp. 2d 812, 818 (quoting *Atkinson*, 460 F.3d at 454). We apply our holding on sex discrimination to Mr. Brzozowski's Title VII and Pennsylvania law claims.

[146] ECF Doc. No 38 ¶ 4.d.

[147] *Koller v. Riley Riper Hollin & Colagreco*, 850 F. Supp. 2d 502, 517 (E.D. Pa. 2012) (explaining "reverse discrimination" exists when "a non-protected class is the target of the alleged discrimination").

[148] *Id.*

[149] ECF Doc. No 38 at Ex. AM-7.

[150] *Id.* at Ex. AM-2.

[151] Judge Stengel dismissed Mr. Brzozowski's claim for sex discrimination in his initial complaint for failure to state a claim. Mr. Brzozowski alleged the same bare conclusion of sex discrimination and attached the same EEOC charge and response letter. Judge Stengel dismissed the claim stating "Mr. Brzozowski's complaint fails to adequately allege facts that give rise to a reasonable expectation that discovery will reveal evidence of discrimination." ECF Doc. No. 34 at p. 12-13. In affirming dismissal of the initial complaint, our Court of Appeals opined "we agree with the District Court that Brzozowski failed to allege facts raising a plausible inference of discrimination." *Brzozowski*, 2018 WL 3057002, at *6 n.3. Mr. Brzozowski failed to amend his complaint to adequately plead sex discrimination.

[152] ECF Doc. No. 38 ¶ 1.

[153] *Id.* at ¶ 4.b.

[154] 29 U.S.C. § 623(a)(1).

[155] *Sorgini v. Wissahickon Sch. Dist.*, 274 F. Supp. 3d 291, 297 (E.D. Pa. 2017).

[156] *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016) ("[A]llegations . . . being merely conclusory are not entitled to the presumption of truth.").

[157] ECF Doc. No. 65 at p. 4.

[158] *Hammond*, 2001 WL 823637, at *2.

[159] ECF Doc. No. 38 ¶ 5.

[160] U.S. Const. amend. XIV.

[161] *Swedron v. Baden*, No. 08-1095, 2008 WL 5051399, at *5 (W.D. Pa. Nov. 21, 2008) (quoting *Hill v. Borough of Kutztown*, 455 F.3d 225, 234 (3d Cir. 2006)).

[162] *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 569 (1972).

[163] *Elmore v. Cleary*, 399 F.3d 279, 282 (3d Cir. 2005).

[164] *Hill*, 455 F.3d at 234.

[165] *Heneghan v. Northampton Cmty. Coll.*, 801 F. Supp. 2d 347, 356 (E.D. Pa. 2011), *aff'd*, 493 F. App'x 257 (3d Cir. 2012).

[166] *Elmore*, 399 F.3d at 282 (citing *Scott v. Philadelphia Parking Auth.*, 166 A.2d 278, 280 (Pa. 1960) ("A public employee takes his job subject to the possibility of summary removal by the employing authority.").