## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FRANK T. BRZOZOWSKI** | : **CIVIL ACTION** |
| | : |
| **v.** | : **NO. 5: 15-2339** |
| | : |
| **PENNSYLVANIA TURNPIKE** | : |
| **COMMISSION** | : |

## MEMORANDUM

**KEARNEY, J.**                                                                                      **March 20, 2019**

A male toll collector in his late fifties seeking promotions to other jobs within the Pennsylvania Turnpike Commission first needs to be qualified for the new jobs. If so, the Commission may not deny him the job to retaliate for earlier constitutionally protected conduct and may not discriminate against him based on his age, sex or national origin. When the Commission did not transfer him to new jobs and later fired him for misconduct, the toll collector *pro se* sued the Commission, the Pennsylvania Governor and many employees and agents. We dismissed two earlier complaints for failing to state a claim. He now alleges the Commission and two of its employees failed to move him into his desired jobs and fired him to retaliate under the First Amendment for assisting minorities or because of sex, age or national origin (Polish-American) discrimination. He also seeks wages for work under an unjust enrichment theory. After parsing through the toll collector's *pro se* Second Amended Complaint, we dismiss his claims against the individual defendant employees, the claims for First Amendment retaliation, unjust enrichment, discrimination based on national origin, and discrimination for age and sex for all but one desired promotion. The toll collector may seek discovery into whether the Commission discriminated against him based on his age or sex when failing to promote him to an IT Executive Assistant.

## I.  Facts alleged in the *pro se* Second Amended Complaint.

Frank T. Brzozowski, a man of Polish descent[1], began working at age 48 for the Pennsylvania Turnpike Commission (the Commission) in 2003 as a toll collector.[2]

### *The Commission promotes Mr. Brzozowski to Executive Assistant in its Office of Diversity and Inclusion*

Mr. Brzozowski worked as a toll collector until 2012 when the Commission promoted him to Executive Assistant in the Office of Diversity and Inclusion.[3] The Office of Diversity and Inclusion handles civil rights issues, making it "disliked and unpopular with the [Commission] workforce of about 85% Caucasian males."[4]

Around the time of this promotion, he interviewed for the Interchange Manager position.[5] The Commission did not promote him to Interchange Manager but instead hired three other men and paid them an annual salary of $61,000.[6] Mr. Brzozowski thought he heard on a phone call the Commission would pay him a salary of $61,000 in his Executive Assistant role but he later discovered he would start at $50,000 until he completed training.[7] Mr. Brzozowski does not allege he completed training.

After the Commission promoted him, Mr. Brzozowski started attending an in-house training course at "PTC University to become qualified and more efficient at his job."[8] He took these course "to improve his clerical skills," "to perform his duties at his position," and prove "he had the background to perform other positions such as Interchange Manager."[9]

In his role as Executive Assistant, Mr. Brzozowski evaluated bids for Commission projects to ensure the contractor met the ten-percent quota for hiring minorities or disadvantaged business entities.[10] He alleges often times the Commission awarded a contract to a contractor who failed to meet the quota, even though "the second or third ranked prime contractor did meet the 10% criteria."[11] He protested this practice as "unfair competition."[12] Mr. Brzozowski alleges "[s]ome

2

members of the engineering department did not like [Mr. Brzozowski]" when he collected contractor records to ensure compliance with the minority business quota.[13]

On June 26, 2012, Dorothy Ross, during a Microsoft Word course, accused Mr. Brzozowski of making "disparaging remarks" about a black coworker.[14] Ms. Ross complained to Human Resources resulting in the termination of a black employee.[15]

## *The Commission denies promotions and gives the jobs to women.*

In September 2013, Mr. Brzozowski applied for the Executive Assistant position in the IT Department, a position for which Mr. Brzozowski met the qualifications.[16] He could "easily perform the duties" of the IT Executive Assistant Position because he worked in the IT department in 2003.[17] Patricia Schlegel and Dorothy Ross "arranged scheduling, conspired and ensured that the someone else other than Mr. Brzozowski would get the position."[18] The Commission hired a "younger woman" for the IT Executive Assistant position.[19]

In October 2013, the Commission hired Mses. Marcella and Sebring in the legal department, "for a confidential position that was not available to [Commission] employees."[20] Mses. Marcella and Sebring are "better looking women than [Mr. Brzozowski]" and "were trained for positions that would allow advancement to better positions."[21]

## *The Commission fires Mr. Brzozowski.*

On December 11, 2013, Mr. Brzozowski arrived late to a Microsoft Excel test administered by Ms. Ross after finishing up a task for his supervisor.[22] Ms. Ross retaliated against him by (1) failing to give him a one-minute warning before the test ended and (2) reporting he violated the workplace violence policy "to cover-up her corrupt testing, and to conceal a biased selection process."[23] The same day, Ms. Ross "verbally threatened [Mr. Brzozowski and his supervisor

3

Myneca Ojo] in Italian, a discriminatory act derogatory to Mr. Brzozowski of Polish Descent and an act of national origin discrimination."[24]

Ms. Schlegel terminated the 58-year-old Mr. Brzozowski on December 26, 2013 for misconduct.[25] The Commission replaced Mr. Brzozowski with a "young woman."[26]

On June 25, 2014, Mr. Brzozowski filed a Charge of Discrimination with the Equal Employment Opportunity Commission alleging the Commission discriminated against him. He checked the boxes for discrimination based on sex, national origin, age, and retaliation and wrote in the narrative section:

On May 5, 2003, [the Commission] hired me as a Toll Collector. On April 17, 2012, [the Commission] promoted me into the position of Executive Assistant. I was discharged on December 12, 2013.

On or about October 2013, I discovered that Alice Sebring (Female, Legal Assistant) and Anna Marcella (Female, Legal Secretary) were hired for their respective positions. I was never given the chance to apply to either position because they were not posted. Ms. Sebring and Ms. Marcella were both hired as external candidates. I also applied for Executive Assistant Information Technology on September 26, 2013, and was not selected for that position either. On December 12, 2013, I was suspended and later discharged after I was falsely accused of workplace violence by Dorothy Ross (Human Resources Specialist, Female). Ms. Ross also stated that I threw the manual across the table when I was told I could not use it.

I believe [the Commission] discriminated against me based on my age (58) and retaliation in violation of Age Discrimination in Employment Act, sex (male), national origin (Polish) and in retaliation in violation of Title VII of the Civil Rights Act of 1964 as amended, Title VII.[27]

The Equal Employment Opportunity Commission responded on January 23, 2015 addressing his charge:

You were hired in 5/03 as a Supplemental Toll Collector, and in 2012 applied for, and were promoted to, Executive Assistant. Regarding the positions of Legal Assistant and Legal Secretary which you could not apply for, the record indicates that both positions were classified as "confidential," and so were not posted internally in accordance with policy.

4

The evidence indicates that on 12-12-13, your employment was terminated for violations of policy, following an internal investigation. On 12-11-13, the Training and Development Specialist was administering exercises for your interview for a position. She informed you that you were not to use the Excel Manual as a cross reference, at which time she observed that you whipped the manual across the table and gave her what she considered to be a terrible glare, to the point she was very frightened. This was reported to [the Commission], and an investigation was conducted. The investigation also revealed that you had violated the Electronic Communications Policy regarding computer usage. Accordingly, your employment was terminated for policy violations.[28]

### *Mr. Brzozowski sues the Commission and several individuals.*

On April 27, 2015, Mr. Brzozowski sued the Pennsylvania Turnpike Commission, and several of its agents and employees including William K. Lieberman, A. Michael Pratt, Pasquale T. Deon, Sr., Sean Logan, Barry J. Schoch, Patricia Schlegel, Judy Treaster, Dorothy Ross, Patrick Caro, Jill Davis, David Smith, Lynn Feeman, under Title VII, the Age Discrimination in Employment Act, and the Pennsylvania Human Rights Act.[29] He also sued Governor Thomas W. Corbett, the Pennsylvania State Police, and Corporal Shawn Kernaghan under 42 U.S.C. § 1983 claiming false arrest, malicious prosecution, and fabrication of evidence. Defendants moved to dismiss. On February 25, 2016, our former colleague Chief Judge Stengel dismissed the individual defendants and the State Police with prejudice but granted Mr. Brzozowski leave to amend his complaint against the Commission.[30]

Mr. Brzozowski filed his Amended Complaint on March 30, 2016 alleging the same claims against Defendants and new claims under the First Amendment, Pennsylvania's Whistleblower Law, the Fair Labor Standards Act, the Fair Pay Act, and the Equal Pay Act.[31] Defendants again moved to dismiss. In an August 24, 2016 Order, Judge Stengel dismissed Mr. Brzozowski's Amended Complaint for failure to respond to Defendants' motion to dismiss.[32] Mr. Brzozowski appealed the dismissal on September 23, 2016.[33]

5

On June 20, 2018, our Court of Appeals vacated the August 24, 2016 dismissal Order and remanded the case for further proceedings on the Amended Complaint.[34] On September 18, 2018, the Chief Judge reassigned this case to us following Chief Judge Stengel's retirement, and Mr. Brzozowski answered the motion to dismiss the Amended Complaint on November 20, 2018.[35]

We dismissed Mr. Brzozowski's Amended Complaint.[36] We dismissed Mr. Brzozowski's discrimination claims against Commission employees and agents William K. Lieberman, A. Michael Pratt, Pasquale T. Deon, Sr., Patricia Schlegel, Dorothy Ross, Sean Logan, Barry J. Schoch, Judy Treaster, Patrick Caro, Jill Davis, David Smith, and Lynn Feeman with prejudice in a November 28, 2018 Order.[37] We dismissed Governor Corbett, the Pennsylvania State Police, and Corporal Kernaghan without prejudice subject to renewal if his claims against these Defendants accrued.[38] We granted Mr. Brzozowski leave to amend **only** his: (1) First Amendment retaliation claim against the Commission for assisting minorities; (2) First Amendment retaliation claim against Patricia Schlegel and Dorothy Ross for preventing him from interviewing for the IT position; (3) Fair Labor Standards Act, Equal Pay Act, Fair Pay Act, quantum meruit, and unjust enrichment claims against the Commission; and, (4) national origin, sex, and age discrimination claims against Commission.

In his Second Amended Complaint, Mr. Brzozowski *pro se* sues (1) the Commission and Mses. Schlegel and Ross for First Amendment retaliation, (2) the Commission for unjust enrichment and quantum meruit, and, (3) the Commission for sex, age, and national origin discrimination. While he limits his claims to the Commission and Mses. Schlegel and Ross, Mr. Brzozowski *pro se* included all the original Defendants in his caption, including the various Commission employees and agents dismissed with prejudice in our November 28, 2018 Order, and Governor Corbett, the State Police, and Corporal Kernaghan whom we dismissed without

6

prejudice in the same Order.[39] Despite including all the original Defendants in his caption, Mr. Brzozowski only brings claims against the Commission and Mses. Schlegel and Ross in his Second Amended Complaint.

## II. Analysis.

The Commission and Mses. Schlegel and Ross now move to dismiss the Second Amended Complaint. [40] The Commission and all Commission employee and agent Defendants listed in the caption of the Second Amended Complaint move to strike claims we already dismissed with prejudice in our November 28, 2018 Order.[41] Governor Corbett, the Pennsylvania State Police, and Corporal Shawn Kernaghan (the Commonwealth Defendants) separately move to dismiss the Second Amended Complaint arguing Mr. Brzozowski fails to allege his claims against them have accrued.[42] We only consider claims we granted leave for Mr. Brzozowski to amend. Mr. Brzozowski did not replead his claims under the Fair Labor Standards Act, Equal Pay Act, or Fair Pay Act, nor did he allege claims against Governor Corbett, the State Police, or Corporal Kernaghan. Thus, we only consider the claims Mr. Brzozowski pleads: (1) First Amendment retaliation against the Commission and Mses. Schlegel and Ross; (2) unjust enrichment and quantum meruit against the Commission; and, (3) sex, age, and national origin discrimination the Commission.

### A. We strike claims dismissed with prejudice in our November 28, 2018 Order.

The Commission and the Commission employee and agent Defendants move to strike portions of Mr. Brzozowski's Second Amended Complaint dismissed with prejudice under our November 28, 2018 Order dismissing Mr. Brzozowski's Amended Complaint.[43] For example, Mr. Brzozowski alleges "[w]hen discrepancies are revealed afterwards, [Mr. Brzozowski] reserves the

7

right to duly raise causes of action against original defendants, now dismissed with prejudice, when uncovered in discovery."[44]

We dismissed Commission agents and employees William K. Lieberman, A. Michael Pratt, Pasquale T. Deon, Sr., Sean Logan, Barry J. Schoch, Judy Treaster, Patrick Caro, Jill Davis, David Smith, Lynn Feeman with prejudice in our November 28, 2018 Order dismissing the Amended Complaint. These Defendants are no longer in the case and we will amend the caption to reflect this. We only consider claims against the Commission and Mses. Schlegel and Ross we granted Mr. Brzozowski leave to amend. To the extent Mr. Brzozowski alleges claims we dismissed with prejudice, we strike these claims from the Second Amended Complaint.

## B. Mr. Brzozowski fails to state a claim for First Amendment retaliation against the Commission for assisting minorities.

Mr. Brzozowski alleges the Commission retaliated against him for assisting minorities in the Office of Diversity and Inclusion. Mr. Brzozowski brings his First Amendment retaliation claim under 42 U.S.C. § 1983. Mr. Brzozowski must plead (1) a violation of a right protected by the Constitution or laws of the United States and (2) a person acting under the color of state law committed the violation.[45] Mr. Brzozowski must allege personal involvement in the constitutional violation; Mr. Brzozowski cannot claim liability based on *respondeat superior*.[46] To state a claim against an agency, Mr. Brzozowski must allege a policy or custom causing the constitutional violation.[47]

To state a First Amendment retaliation claim, Mr. Brzozowski must allege "(1) that the activity in question is protected by the First Amendment, and (2) that the protected activity was a substantial factor in the alleged retaliatory action."[48]

Mr. Brzozowski again pleads the Commission terminated him for protesting when contractors received bids without satisfying the ten-percent criteria for minority business

8

enterprises. But he again fails to connect his protests to retaliatory conduct. Once again, he does not identify to whom he made these protests, or whether he even protested to anyone at the Commission. He only alleges "[s]ome members of the engineering department did not like [Mr. Brzozowski] when he attempted to collect records" concerning contractors' compliance with the minority business quota.[49] But he does not (1) identify these employees, (2) allege they retaliated against him, or (3) tie them to any alleged retaliatory conduct.

Mr. Brzozowski recites a laundry list of laments to show retaliatory conduct. But he does not tie any of his laments to protected conduct. Although he brings his retaliation claim against the Commission, he fails to allege a policy or custom caused retaliatory conduct.

Mr. Brzozowski argues the Court of Appeals for the Ninth Circuit's holding in *Maynard v. City of San Jose* allows him to sue the Commission for retaliation for assisting minorities.[50] In *Maynard*, the defendant employer terminated the plaintiff because he reported his supervisor predrafted a letter hiring a white woman before she interviewed for the position. The court in *Maynard* held a white employee had standing to sue for retaliation after his employer terminated him for assisting minorities.[51] The court did not address, as we do now, whether the plaintiff adequately stated a claim. We do not question whether Mr. Brzozowski has standing to assert a claim. We find Mr. Brzozowski fails to state a claim.

We grant the Commission's Motion to dismiss Mr. Brzozowski's First Amendment retaliation claim.

## C. Mr. Brzozowski fails to state a claim for First Amendment retaliation against Mses. Schlegel and Ross.

Mr. Brzozowski alleges Mses. Schlegel and Ross retaliated against him for exercising his First Amendment rights. Mr. Brzozowski applied for an IT department job in September 2013.[52] He alleges although he qualified for the position, Mses. Schlegel and Ross "arranged scheduling,

9

conspired and ensured that [] someone else other than Mr. Brzozowski would get the position."[53] He alleges constitutionally protected conduct of "being an ODI executive assistant which helps women and non-whites who are victims of discrimination, civil rights violations and retaliations."[54] He alleges his "constitutionally protected conduct of First Amendment freedom of speech and associations with non-white Democrats motivated [Mses. Ross and Schlegel] to conduct retaliation for events with ODI employees and previous African-American employees."[55]

Mr. Brzozowski alleges no facts suggesting any constitutionally protected conduct motivated Mses. Schlegel and Ross to prevent Mr. Brzozowski from interviewing for the IT position. Mr. Brzozowski generally alleges "constitutionally protected conduct of First Amendment freedom of speech and associations with non-white Democrats."[56]

Even assuming this qualifies as constitutionally-protected conduct, he fails to allege facts tying this conduct to Mses. Schlegel and Ross beside the mere conclusion his conduct "motivated" them. He needs to plead a fact nexus. He fails to do so and we dismiss this claim against Mses. Schlegel and Ross.

## C.     Mr. Brzozowski fails to state a claim for unjust enrichment or quantum meruit against the Commission.

Mr. Brzozowski sues the Commission for unjust enrichment and quantum meruit alleging when the Commission promoted him to Executive Assistant, he received an annual salary of $50,000, while "others were started at $61K at an easier position."[57] He alleges unjust enrichment because he used his own vehicle to travel, while Commission managers used Commission vehicles.[58]  He also alleges a $10,000 pay cut after his promotion.[59] He also alleges the Commission underfunded the Office of Diversity and Inclusion.[60] He alleges Commission employee Jill Davis took his "lawbooks and personal effects."[61] The Commission argues he fails to state a claim.

10

Mr. Brzozowski must allege the same elements for quantum meruit and unjust enrichment under Pennsylvania law.[62] Mr. Brzozowski must allege (1) he conferred benefits on the Commission, (2) the Commission appreciated the benefits, (2) the Commission accepted and retained the benefits "under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value."[63] Mr. Brzozowski "must show that the party against whom recovery is sought either wrongfully secured or passively received a benefit that would be unconscionable for the party to retain without compensating the provider."[64] An employee like Mr. Brzozowski claiming unjust enrichment against his employer must allege he did "more than work to the best of his abilities for defendant as he was engaged to do."[65]

In *McGoldrick v. TruePosition, Inc.*, the plaintiff sued his employer for unjust enrichment arguing he secured a lucrative contract for the employer and the employer then offered the plaintiff a cash-out for the plaintiff's vested stock option.[66] The court dismissed the claim, explaining the plaintiff cannot claim unjust enrichment when he "performed his job and was compensated with his salary."[67]

Mr. Brzozowski fails to state a claim for unjust enrichment or quantum meruit. Mr. Brzozowski fails to plead he conferred benefits on the Commission beyond his job obligations necessitating repayment. He essentially alleges the Commission did not pay him a salary as high as he desired. But like the plaintiff in *McGoldrick*, Mr. Brzozowski performed his job and the Commission compensated him with a salary. He cannot claim unjust enrichment because the Commission paid employees in a different position a higher salary. We also find no basis for unjust enrichment because the Commission allowed higher-level employees to use Commission-owned vehicles. To the extent Mr. Brzozowski alleges Ms. Davis took his personal effects, he may try to timely sue her in state court under a conversion theory. But he fails to plead this claim here.

11

We dismiss Mr. Brzozowski's claims for unjust enrichment and quantum meruit.

## D.     We grant in part and deny in part the Commission's motion to dismiss Mr. Brzozowski's age discrimination claim.

Mr. Brzozowski alleges the Commission discriminated against him based on his age when it (1) hired a "younger woman" for the IT Executive Assistant position and (2) replaced him with a "young woman" in the Office of Diversity and Inclusion.[68]  He alleges in both instances, the Commission hired a woman "younger than 58 years."[69] The Commission moves to dismiss arguing Mr. Brzozowski failed to exhaust administrative remedies for his claim. The Commission also argues Mr. Brzozowski fails to state a claim for age discrimination with respect to his Office of Diversity and Inclusion position because he does not allege the Commission terminated him due to his age.

### 1.     Mr. Brzozowski states a claim for age discrimination against the Commission relating to the IT Executive Assistant position.

Mr. Brzozowski alleges the Commission discriminated against him because of his age when it hired a "younger woman" for the IT Executive Assistant position. The Commission argues Mr. Brzozowski failed to exhaust his administrative remedies for this claim.

Under the Age Discrimination in Employment Act, an employer cannot "fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age."[70] To state a claim for age discrimination, Mr. Brzozowski must allege: "(1) he is older than 40; (2) he applied for and was qualified for the position; (3) he suffered an adverse [employment] action; and (4) he was replaced by a sufficiently younger person to support the inference of age discrimination."[71]

12

Before suing for age discrimination, Mr. Brzozowski must exhaust administrative remedies: "No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission."[72] "[T]he scope of a resulting private civil action in the district court is 'defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination[.]'"[73] "Only claims that are fairly within the scope of the prior administrative complaint, or the investigation arising therefrom can be considered to have been exhausted."[74]

In *Hemphill v. Philadelphia Housing Authority*, the plaintiff sued her employer for race, age and gender discrimination. In her Charge with the Equal Employment Opportunity Commission, she wrote her employer terminated her and she "believe[d] the discharge was because of [her] age."[75] She checked the boxes on the Charge for race and age discrimination. She also wrote "I am a White Female," but did not check the box for sex discrimination.[76]

Our colleague Judge Savage found the plaintiff exhausted her administrative remedies for her sex discrimination claim when, although failing to check the gender discrimination box, she alleged in the Charge "I am a White female."[77] The court found such allegation in the Charge sufficient to exhaust administrative remedies for her gender discrimination claim.[78]

On June 25, 2014, Mr. Brzozowski filed a Charge of Discrimination with the Equal Employment Opportunity Commission alleging:

On May 5, 2003, [the Commission] hired me as a Toll Collector. On April 17, 2012, [the Commission] promoted me into the position of Executive Assistant. I was discharged on December 12, 2013.

On or about October 2013, I discovered that Alice Sebring (Female, Legal Assistant) and Anna Marcella (Female, Legal Secretary) were hired for their respective positions. I was never given the chance to apply to either position because they were not posted. Ms. Sebring and Ms. Marcella were both hired as

13

external candidates. I also applied for Executive Assistant Information Technology on September 26, 2013, and was not selected for that position either. On December 12, 2013, I was suspended and later discharged after I was falsely accused of workplace violence by Dorothy Ross (Human Resources Specialist, Female). Ms. Ross also stated that I threw the manual across the table when I was told I could not use it.

I believe [the Commission] discriminated against me based on my age (58) and retaliation in violation of Age Discrimination in Employment Act, sex (male), national origin (Polish) and in retaliation in violation of Title VII of the Civil Rights Act of 1964 as amended, Title VII.[79]

Mr. Brzozowski checked the box for age discrimination in his Charge.[80] He also alleged in the Charge "I believe [the Commission] discriminated against me based on my age (58) and retaliation in violation of Age Discrimination in Employment Act."[81] He also alleged in the Charge the Commission did not select him for the IT position, the same adverse action forming the basis for his age discrimination claim. We find Mr. Brzozowski's age discrimination claim "fairly within the scope" of his Charge of Discrimination. Mr. Brzozowski exhausted administrative remedies for his age discrimination claim.

Mr. Brzozowski states a claim for age discrimination with respect to the IT Executive Assistant position. He alleges he applied for the IT position, he met the qualifications, and the Commission hired a younger woman for the position.[82] We deny the Commission's motion to dismiss Mr. Brzozowski's age discrimination claim with respect to the IT Executive Assistant position subject to defenses developed in discovery.

### 2. Mr. Brzozowski fails to state a claim for age discrimination against the Commission relating to the Office of Diversity and Inclusion position.

Mr. Brzozowski also alleges the Commission discriminated against him because of his age when it replaced him with a "young woman" in the Office of Diversity and Inclusion.[83] The Commission argues Mr. Brzozowski fails to state an age discrimination claim with respect to his

14

Office of Diversity and Inclusion position because he fails to allege the Commission "terminated [him] from the ODI position due to his age."[84]

Mr. Brzozowski alleges he was fifty-eight years old when the Commission terminated him, and he suffered age discrimination when the Commission hired a younger woman for "his previous ODI position."[85] But Mr. Brzozowski fails to allege facts establishing he "was qualified for the position," the second element of an age discrimination claim. We dismiss Mr. Brzozowski's age discrimination claim with respect to his Office of Diversity and Inclusion position.

### E.    Mr. Brzozowski states a claim for sex discrimination against the Commission relating to the IT Executive Assistant position.

Mr. Brzozowski alleges the Commission discriminated against him because of his sex "by not interviewing him for positions that were historically held by women."[86] He alleges sex discrimination when the Commission: (1) hired Mses. Marcella and Sebring for a "confidential position that was not available to [Commission] employees,"[87] (2) hired a woman for the IT Executive Assistant position, and (3) replaced him with a woman in the Office of Diversity and Inclusion. The Commission argues he fails to state a claim for sex discrimination.

### 1.    Mr. Brzozowski fails to state a claim for sex discrimination against the Commission for hiring Mses. Marcella and Sebring for a confidential position.

Mr. Brzozowski alleges the Commission discriminated against him because of his sex when it hired Mses. Sebring and Marcella for a confidential position. The Commission argues Mr. Brzozowski fails to state a claim.

To state a claim for sex discrimination, Mr. Brzozowski must allege (1) "[he] was qualified for the position in question, (2) [he] suffered an adverse employment action, and (3) the evidence is adequate to create an inference that the adverse employment action [or less favorable treatment] was based on a trait protected by Title VII."[88]

15

Mr. Brzozowski once again alleges the Commission discriminated against him based on sex for a position the Commission did not offer to its employees. As Chief Judge Stengel explained in dismissing his initial complaint, Mr. Brzozowski could not apply for the Legal Secretary and Legal Assistant positions because the Commission posted the positions for external candidates only under a Commission policy.[89] The Commission treated all employees—men and women— the same by posting the job only for non-employees. While he now pleads Mses. Sebring and Marcella "were trained for positions that would allow advancement to better positions," he fails to show these women were similarly situated as they held different positions than Mr. Brzozowski.[90]

We dismiss Mr. Brzozowski's sex discrimination claim against the Commission for hiring Mses. Sebring and Marcella.

### 2. Mr. Brzozowski states a sex discrimination claim against the Commission relating to the IT Executive Assistant position.

Mr. Brzozowski alleges the Commission discriminated against him by hiring a woman for the IT Executive Assistant position. The Commission argues Mr. Brzozowski fails to state a claim for sex discrimination because he "sets forth the same basic allegations and theory of liability as his prior Complaints that were dismissed by this Court."[91] But in dismissing his sex discrimination claim in the Amended Complaint, we explained Mr. Brzozowski only alleged he "applied for positions that are historically held by women."[92]

Mr. Brzozowski now alleges in his Second Amended Complaint the Commission hired a woman for the IT Executive Assistant position for which Mr. Brzozowski also applied.[93] Mr. Brzozowski alleges he "was amply qualified" for the IT Executive Assistant position.[94] He alleges he worked in the IT department in 2003 and could "easily perform the duties" in the IT Executive Assistant position.[95] Mr. Brzozowski states a claim for sex discrimination against the Commission for hiring a woman for the IT Executive Assistant position.

16

We deny the Commission's motion to dismiss Mr. Brzozowski's sex discrimination claim relating to the IT Executive Assistant position.

### 3. Mr. Brzozowski fails to state a claim for sex discrimination against the Commission relating to the Office of Diversity and Inclusion position.

Mr. Brzozowski alleges the Commission discriminated against him because of his sex when it replaced him with a woman in the Office of Diversity and Inclusion. The Commission argues Mr. Brzozowski fails to state a claim.

While Mr. Brzozowski alleges the Commission terminated him and replaced him with a woman, he does not allege facts showing he "was qualified for the position in question." Mr. Brzozowski fails to state a claim for sex discrimination.

We grant the Commission's motion to dismiss Mr. Brzozowski's sex discrimination claim based on the Office of Diversity and Inclusion position.

### D. Mr. Brzozowski fails to state a claim for national origin discrimination against the Commission.

### 1. Mr. Brzozowski fails to state a claim for national origin discrimination based on Irish favoritism.

Mr. Brzozowski, a person of Polish decent, claims national origin discrimination, alleging the Commission favors Irish people over Polish people. He alleges "[o]ut of over 2000 employees, many [Commission] employees appear to have Irish names," while "few Polish employees are in the ranks," leading him to conclude "Polish employees are a small white minority."[96] Mr. Brzozowksi alleges "[b]eing of Polish descent is a disadvantage on the turnpike in obtaining higher paying jobs," as "[m]any Irish employees get the best paying jobs."[97]

An employer may not "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."[98] To state a claim for disparate treatment under Title VII,

Mr. Brzozowski must allege "(1) [he] is a member of a protected class; (2) [he] is qualified for her position; (3) an adverse employment action was taken against [him]; and (4) that employer treated similarly situated persons from a different class more favorably, raising an inference of discrimination."[99]

While he generally alleges "[b]eing of Polish descent is a disadvantage on the turnpike in obtaining higher paying jobs," he does not allege with any specificity the Commission treated him differently than any similarly-situated employee. For instance, he does not allege the Commission replaced him with a similarly-situated employee or failed to promote him in favor of such an employee.[100]

We dismiss Mr. Brzozowski's claim for national origin discrimination against the Commission based on Irish favoritism.

### 2. Mr. Brzozowski fails to state a claim for national origin discrimination based on Ms. Ross's actions.

Mr. Brzozowski claims national origin discrimination, again alleging Ms. Ross "verbally threatened [Mr. Brzozowski] in Italian, a discriminatory act derogatory to Mr. Brzozowski of Polish Descent and an act of national origin discrimination."[101] Mr. Brzozowski now alleges Ms. Ross "is believed to be part Irish."[102] He also alleges Ms. Ross "treated Irish and Italian [Commission] employees better than [Mr. Brzozowski] and probably other Polish employees (since there are not that many Poles employed)."[103] Mr. Brzozowski alleges Ms. Ross committed several acts demonstrating national origin discrimination including (1) treating Mr. Brzozowski unfairly during the December 11, 2013 Excel test, (2) falsely reporting Mr. Brzozowski treated coworkers poorly, and (3) getting him fired.[104]

It is not clear whether Mr. Brzozowski sues Ms. Ross for disparate treatment or hostile work environment. To state a claim for hostile work environment, Mr. Brzozowski must allege:

18

(1) he suffered intentional discrimination because of his national origin; (2) the discrimination was severe and pervasive; (3) the discrimination detrimentally affected him; (4) the discrimination would detrimentally affect a reasonable person of the same national origin; and, (5) the existence of *respondeat superior* liability.[105] A single isolated incident, unless extremely serious, is not sufficient to sustain a hostile work environment claim.[106]

While Mr. Brzozowski alleges several incidents involving Ms. Ross, we fail to see how these allegations plead discrimination based on Mr. Brzozowski's national origin under a disparate treatment or hostile work environment theory. Mr. Brzozowski fails to allege facts showing Ms. Ross treated similarly-situated employees better than she treated him, or even knew Mr. Brzozowski's national origin. Mr. Brzozowski merely concludes "Ms. Ross discriminated against [him]."[107] He cannot plead a claim with such conclusory allegations.[108]

We dismiss Mr. Brzozowski's claims for national origin discrimination against the Commission based on Ms. Ross's actions.

## III. Conclusion

In an accompanying Order, we grant in part and deny in part the Commission defendants' Motion to dismiss Mr. Brzozowski's Second Amended Complaint. We dismiss Mr. Brzozowski's (1) First Amendment retaliation claim against the Commission for assisting minorities, (2) First Amendment retaliation claim against Mses. Schlegel and Ross for preventing him from interviewing for the IT position, (3) unjust enrichment and quantum meruit claims against the Commission, (4) age discrimination claim with respect to his Office of Diversity and Inclusion position, (5) sex discrimination claims with respect to his Office of Diversity and Inclusion position and the confidential position, and (6) national origin discrimination claims against the Commission. We deny the Commission's motion to dismiss Mr. Brzozowski's claims against the

19

Commission for (1) age discrimination with respect to the IT Executive Assistant position and (2) sex discrimination with respect to the IT Executive Assistant position which will proceed into discovery. In a separate Order, we grant the Motion of Governor Corbett, the Pennsylvania State Police, and Corporal Kernaghan to dismiss the Second Amended Complaint without prejudice.

---

[1] Mr. Brzozowski alleges the Commission favors employees of Irish descent over employees of Polish descent. Of the Commission's two thousand employees, "many [Commission] employees appear to have Irish names," "few Polish employees are in the ranks," and "Polish employees are a small white minority." Irish employees "get the best paying jobs," while "[b]eing of Polish descent is a disadvantage on the turnpike in obtaining higher paying jobs." Irish employees work in the Legal and Human Relations Departments. Mr. Brzozowski believes Human Resources specialist Dorothy Ross is "part Irish."

[2] ECF Doc. No. 68 ¶ 29.

[3] *Id.* at ¶ 46.

[4] *Id.* at ¶ 59.

[5] *Id.* at ¶ 48.

[6] *Id.* at ¶¶ 48-49.

[7] *Id.* at ¶ 51.

[8] *Id.* at ¶ 55.

[9] *Id.* at ¶ 56.

[10] *Id.* at ¶¶ 62-63.

[11] *Id.* at ¶ 62.

[12] *Id.* at ¶ 63.

[13] *Id.* at ¶ 86.

[14] *Id.* at ¶ 57.

[15] *Id.* at ¶ 58.

[16] *Id.* at ¶¶ 102, 104.

[17] *Id.* at ¶¶ 162-63.

[18] *Id.* at ¶ 105.

[19] *Id.* at ¶ 155.

[20] *Id.* at ¶ 148.

[21] *Id.* at ¶ 150.

[22] *Id.* at ¶¶ 64-66.

[23] *Id.* at ¶ 67.

[24] *Id.* at ¶ 68.

[25] *Id.* at ¶ 25.

[26] *Id.* at ¶ 155.

[27] *Id.* at Ex. AM-7.

[28] *Id.* at Ex. AM-2.

[29] ECF Doc. No. 1.

[30] ECF Doc. No. 35.

[31] ECF Doc. No. 38.

[32] ECF Doc. No. 44.

[33] ECF Doc. No. 48.

[34] *Brzozowski v. Pennsylvania Tpk. Comm'n*, No. 16-3706, 2018 WL 3057002, at *4 (3d Cir. June 20, 2018).

[35] ECF Doc. Nos. 56, 65.

[36] ECF Doc. Nos. 66, 67.

[37] ECF Doc. No. 67.

[38] *Id.*

[39] *Id.*

[40] When considering a motion to dismiss "[w]e accept as true all allegations in the plaintiff's complaint as well as all reasonable inferences that can be drawn from them, and we construe them in a light most favorable to the non-movant." *Tatis v. Allied Insterstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010)). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing *Twombly*, 550 U.S. at 556). Our Court of Appeals requires us to apply a three-step analysis under a 12(b)(6) motion: (1) "it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim;'" (2) "it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 675, 679).

[41] ECF Doc. No. 72.

[42] ECF Doc. No. 75. Mr. Brzozowski did not sue Pennsylvania State Police Troop, Corporal Kernaghan, and Governor Corbett in his Second Amended Complaint. When he filed his Amended Complaint, Mr. Brzozowski failed to remove these defendants from his April 27, 2015 initial complaint, which contained allegations of police misconduct and malicious prosecution against these three defendants (the Police defendants). On February 25, 2016, Judge Stengel dismissed claims against the Pennsylvania State Police, Corporal Kernaghan, and Governor Corbett with prejudice. ECF Doc. No. 34 at p. 24. Our court of appeals affirmed, while modifying the judgment as a dismissal without prejudice. *Brzozowski v. Pennsylvania Tpk. Comm'n*, No. 16-3706, 2018 WL 3057002 (3d Cir. June 20, 2018). Our court of appeals held claims the Police defendants have not yet accrued and will not accrue unless his conviction is invalidated. In his Amended Complaint, Mr. Brzozowski failed to allege facts from which we could find these claims have accrued. Mr. Brzozowski once again fails to allege facts in his Second Amended Complaint showing these claims accrued. The Police defendants nevertheless moved to dismiss the Second Amended Complaint. We dismiss the Pennsylvania State Police, Corporal Kernaghan, and Governor Corbett from the case without prejudice. Mr. Brzozowski suggests the claims have now accrued in his opposition brief. If so, he can move for leave to file a Third Amended Complaint to plead these claims under a future scheduling Order.

[43] ECF Doc. No. 67.

[44] ECF Doc. No. 68 ¶ 10.

[45] *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000).

[46] *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 537 n.3 (1981)).

[47] *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 584 (3d Cir. 2003).

[48] *Hill v. Borough of Kutztown*, 455 F.3d 225, 241 (3d Cir. 2006).

[49] ECF Doc. No. 68 ¶ 86.

[50] *Maynard v. City of San Jose*, 37 F.3d 1396, 1403 (9th Cir. 1994), *as amended* (Nov. 22, 1994).

[51] *Id.*

[52] ECF Doc. No. 68 ¶ 102.

[53] *Id.* at ¶ 105.

[54] *Id.* at ¶ 107.

[55] *Id.* at ¶ 108.

[56] *Id.*

[57] *Id.* at ¶ 188.

[58] *Id.* at ¶ 190.

[59] *Id.* at ¶ 193.

[60] *Id.* at ¶ 189.

[61] We dismissed Ms. Davis with prejudice.

[62] *Burton Imaging Grp. v. Toys "R" Us, Inc.*, 502 F. Supp. 2d 434, 440 (E.D. Pa. 2007).

[63] *McGoldrick v. TruePosition, Inc.*, 623 F. Supp. 2d 619, 624 (E.D. Pa. 2009) (quoting *AmeriPro Search, Inc. v. Fleming Steel Co.*, 787 A.2d 988, 991 (Pa. Super. Ct. 2001)).

[64] *Bowden v. DB Schenker*, 693 F. App'x 157, 160 (3d Cir. 2017) (citing *McGoldrick*, 623 F. Supp. 2d at 624) (dismissing at-will employee's claim for unjust enrichment when she received a salary for work performed).

[65] *McGuckin v. Brandywine Realty Tr.*, 185 F. Supp. 3d 600, 607-08 (E.D. Pa. 2016).

[66] *McGoldrick*, 623 F. Supp. 2d at 624.

[67] *Id.* at 625.

[68] ECF Doc. No. 68 ¶ 168.

[69] *Id.*

[70] 29 U.S.C. § 623(a)(1).

[71] *Sorgini v. Wissahickon Sch. Dist.*, 274 F. Supp. 3d 291, 297 (E.D. Pa. 2017).

[72] 29 U.S.C. § 626(d)(1).

[73] *Barzanty v. Verizon PA, Inc.*, 361 F. App'x 411, 414 (3d Cir. 2010).

[74] *Collins v. Kimberly-Clark Pennsylvania, LLC*, 247 F. Supp. 3d 571, 587 (E.D. Pa. 2017), *aff'd*, 708 F. Appx 48 (3d Cir. 2017).

[75] *Hemphill v. Philadelphia Hous. Auth.*, No. 16-4551, 2016 WL 6995021, at *2 (E.D. Pa. Nov. 30, 2016).

[76] *Id.* at *1.

[77] *Id.* at *2.

[78] *Id.*

[79] ECF Doc. No. 68, Ex. AM-7.

[80] *Id.*

[81] *Id.*

[82] *Id.* at ¶¶ 159-66.

[83] *Id.* at ¶ 168.

[84] ECF Doc. No. 72-1, at p. 13.

[85] ECF Doc. No. 68 ¶ 160.

[86] *Id.* at ¶ 146.

[87] *Id.* at ¶ 148.

[88] *Koller v. Riley Riper Hollin & Colagreco*, 850 F. Supp. 2d 502, 517 (E.D. Pa. 2012).

[89] ECF Doc. No. 34, at p. 12 ("Contrary to Mr. Brzozowski's claim of gender discrimination, the citation to the EEOC's findings indicates that Mr. Brzozowski was not treated differently from other individuals, but rather all employees, men and women, were not able to apply to the positions.").

[90] ECF Doc. No. 68 ¶ 150.

[91] ECF Doc. No. 72-1, at p. 12.

[92] ECF Doc. No. 38 ¶ 4.

[93] ECF Doc. No. 68 ¶ 155.

[94] *Id.* at ¶ 53.

[95] *Id.* at ¶¶ 162-63.

[96] *Id.* at ¶ 116.

[97] *Id.* at ¶¶ 124, 117.

[98] 42 U.S.C. § 2000e-2(a)(1).

[99] *Fortes v. Boyertown Area Sch. Dist.*, No. 12-6063, 2014 WL 3573104, at \*8 (E.D. Pa. July 18, 2014) (citing *Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003)).

[100] *Angelini v. U.S. Facilities, Inc.*, No. 17-4133, 2018 WL 3155995, at \*6 (E.D. Pa. June 27, 2018) (dismissing Title VII claim alleging "'minority groups' were being 'favored'" when plaintiff failed to allege any facts to identify comparator employees, how the comparators were similarly-situated, the manner in which the defendant favored minority employees, when the conduct occurred, and who carried out the challenged conduct).

[101] ECF Doc. No. 68 ¶ 133.

[102] *Id.* at ¶ 128.

[103] *Id.* at ¶ 143.

[104] *Id.* at ¶¶ 129-42.

[105] *Davis v. City of Newark*, 285 F. App'x 899, 902 (3d Cir. 2008).

[106] *Caver v. City of Trenton*, 420 F.3d 243, 262 (3d Cir. 2005).

[107] ECF Doc. No. 68 ¶ 129.

[108] *See Connelly*, 809 F.3d at 789 ("[A]llegations . . . being merely conclusory are not entitled to the presumption of truth."); *Elmarakaby v. Wyeth Pharm., Inc.*, No. 09-1784, 2015 WL 1456686, at *7 (E.D. Pa. Mar. 30, 2015) ("General allegations of discrimination based on national origin lacking specificity and lacking any reasonable nexus are insufficient.").